Joseph **BACINO**, Appellant,

v.

**UNITED STATES** of America,
Appellee (two cases).

Nos. 7193, 7194.

United States Court of Appeals
Tenth Circuit.

April 15, 1963.

Rehearing Denied May 6, 1963.

V. G. Seavy, Pueblo, Colo. (Seavy & Seavy, Pueblo, Colo., on the brief), for appellant.

Lawrence M. Henry, U. S. Atty. (Michael C. Villano, Asst. U. S. Atty., on the brief), for appellee.

Before MURRAH, Chief Judge, and BREITENSTEIN and SETH, Circuit Judges.

SETH, Circuit Judge.

The appellant was indicted in two separate indictments, each containing one count charging him with the unlawful transfer and sale of marihuana in violation of Title 26 U.S.C. § 4742(a). The cases were consolidated for trial, the jury found the appellant guilty in both cases, and he appeals.

Appellant urges that the court erred in not sustaining his motion for a mistrial; that the evidence was insufficient to support the verdict; that appellant's motion for directed verdict at the conclusion of the Government's case and the entire case should have been granted; that the verdicts are not supported by the evidence, are contrary to law, and contrary to the instructions.

The first point considered is the refusal of the trial court to grant a motion for mistrial. Such a motion is directed to the discretion of the trial judge and whether it should have been granted depends on all the circumstances. Marshall v. United States, 258 F.2d 94 (10th Cir.) (rev. on other grounds, 360 U.S. 310, 79 S.Ct. 1171, 3 L.Ed.2d 1250). The motion here was based on an incident involving one of the jurors. After the

trial had started, and after the Government had rested but before appellant began his defense, one of the jurors saw the appellant with several men at the courthouse entrance. This occurred as the juror was entering the building to attend a morning session of this trial. The juror then went to the office of the clerk of the court and made several statements to the men in the office. These court officials reported the incident to the judge and he called in the juror to interview him. During this interview no one was present other than the judge and the juror. Following this the judge called the attorneys into his chambers to tell them about the incident and to let them know what he had done. The juror was not then present, but the two men from the clerk's office were there.

The transcript contains what was said in the discussion between the court and the attorneys when the judge reported his interview with the juror, and when Mr. Rogers, one of the clerk's staff, reported what the juror had told him. The judge told the attorneys that the substance of the statement by the juror to the men in the clerk's office was, "How come this fellow, referring to the Defendant, is out on bond. He gave me a dirty look as I came in the building this morning." The judge then said, "So I brought Slader [the juror] in here upon the basis of that and I didn't elicit anything from him but I told him that I had admonished him three times not to talk about this case to anybody." Mr. Rogers from the clerk's office related to the attorneys that the juror had said to him, "Something about, we are going to have to do something about this Bacino, and I didn't say anything and he said do you know why he is out on Bond and I didn't say anything. He said he was down there with those other guys, downstairs now." Mr. Rogers added that he felt the juror did not realize the appellant was not in the custody of the marshal. At the outset of this discussion between the trial judge and the attorneys in chambers, the judge told the attorneys that Mr. Pease, who was one of the officials in the clerk's

office, and Mr. Rogers were there, and thereby indicated they were available to the attorneys. The transcript shows that Mr. Rogers participated in the discussion. The attorney for appellant during this discussion said he thought the attitude and expression of the juror indicated he had formed "some pretty definite opinions," and in view of the juror's statement he moved for a mistrial. The motion was denied. The judge then told him that there had been problems before by reason of the presence of defendants in the hallways during the time the jurors were passing back and forth, and he asked him to see that his client was not close to places the jury used. At the conclusion of this discussion, the court was opened and the appellant proceeded with his defense.

█ The statements by the juror to the clerk's staff were ill-advised, but these complaints refer only to the presence of appellant at the particular place and his right to be there, they were not statements about the case. They did not concern any of the evidence nor any of the proof or witnesses, nor the merits, and nothing about the charge whatever, nor about any of the proceedings. There is no contention that anyone talked to the juror about the case; the record shows that the juror made the statements. The trial judge, whether he considered them as being made about the case or not, exercised his proper discretion. The fact a juror makes such statements does not make it incumbent upon the trial judge to declare a mistrial. Bullock v. United States, 265 F.2d 683 (6th Cir.); Roberson v. United States, 249 F.2d 737 (5th Cir.); United States v. Flynn, 216 F.2d 354 (2d Cir.).

█ The interview of the juror by the judge was a private communication with a juror to admonish him, and only this was done. Thus we have a communication to a juror about his conduct as a juror. It is apparent that the judge was concerned upon learning a juror had made statements about a defendant on trial and would wish to make sure that the juror would not talk about the case. The judge

reported to the attorneys that he told the juror that the statements were about the case, and told the juror to hold his peace. We are not convinced that the statements were "about the case" in the sense that the rules relating to private communications with jurors use the term, nor within the reasons for which the rules were devised. But in any event, the record as a whole shows that the communication—the admonition—was not possibly prejudicial nor was it within the range of reasonable possibility of having affected the verdict. The admonition had been given before several times to the jury as is the accepted practice and no objection can be made to the substance of the admonition. This court in Little v. United States, 73 F.2d 861 (10th Cir.), considered a situation where a stenographer was sent into the jury room to read to the deliberating jury the charge of the court from shorthand notes. This was held to be error and the court said that any communication between the court and the jury should be in open court. The court stressed the dangers of permitting third persons in the jury room during deliberations. Little v. United States, supra, further holds that when the entire record discloses that an error has not affected the substantial rights of the accused, it will be disregarded. However if within the range of reasonable possibility it may have affected the verdict, the accused does not have the burden of showing an adverse effect. Rice v. United States, 149 F.2d 601 (10th Cir.); Fina v. United States, 46 F.2d 643 (10th Cir.); Holmes v. United States, 284 F.2d 716 (4th Cir.). In Mattox v. United States, 146 U.S. 140, 13 S.Ct. 50, 36 L.Ed. 917, a bailiff had discussed the case with the jury. Of this the Court said: "Private communications, possibly prejudicial, between jurors and third persons, or witnesses, or the officer in charge, are absolutely forbidden, and invalidate the verdict, at least unless their harmlessness is made to appear." This court, in Baker v. Hudspeth, 129 F.2d 779 (10th Cir.), considered a case where complaint was made that the

marshal, when the jury was put in his charge to keep together during the trial, admonished the members to abide by the restrictions put on them, to cooperate in these matters to avoid a mistrial. Of this point the court said that it was the duty of the marshal to protect the jury from outside influences and it was commendable for the marshal to admonish the jury and to ask for their cooperation as long as it did not tend to influence the jury in considering the case. No influence was noted and the trial court was affirmed. The judge has considerable discretion in the manner in which the matters here concerned are handled. Farish Co. v. Madison Distributing Co., 37 F.2d 455 (2d Cir.).

■ The appellant urges that the judge's private admonition of the juror was part of the trial and that he was entitled to be present. Rule 43, Federal Rules of Criminal Procedure. It is not necessary to decide whether this admonition of the juror was part of the trial of the case or not, because in accordance with Jones v. United States, 299 F.2d 661 (10th Cir.), Rice v. United States, 149 F.2d 601 (10th Cir.), Little v. United States, 73 F.2d 861 (10th Cir.), and Fina v. United States, 46 F.2d 643 (10th Cir.), the record of itself shows that no prejudice or harm could have resulted. In Jones v. United States, supra, the trial court answered a question submitted by the jury during its deliberations and the record did not show whether the accused was present, but apparently his attorney was. The court said under such circumstances the conviction could not stand unless the record completely negatives any reasonable possibility of prejudice arising from such error. The court found no such reasonable possibility, the question related to law and was covered by prior instructions. Here the record likewise shows no reasonable possibility of prejudice arising from the admonition. It was a repetition of prior ones and was a matter of the juror's duty as such and of the court's supervision over the jurors.

■ As to possible prejudice of the juror as evidenced by his statements we

find that appellant's attorney during the discussion with the trial judge in chambers said the juror's statements showed he had an opinion about the case. Appellant places much reliance on the juror's phrase that "something must be done about Bacino," and this, taken out of context, does sound bad and almost any meaning can be attributed to it. However as indicated above it was used when the juror asked why appellant was out on bond, and when he was under the impression that appellant was in custody. Thus "something should be done about Bacino" being able to sit on the courthouse steps and talk with his friends while he was being tried. On this matter of possible prejudice, appellant's attorney did nothing to develop the matter with the officials from the clerk's office during the discussion with the judge. Nor did he at any time request any investigation of the matter nor an examination of the juror. Instead after the short conference he started the defendant's case and finished the trial without any further reference to it other than at the end to renew his motion for mistrial. The trial judge had considered the matter, satisfied himself there was no prejudice, and so exercised his discretion in retaining the juror. The matter of the discharge or retention of jurors under these circumstances is peculiarly within the discretion of the trial judge. United States v. Flynn, 216 F.2d 354 (2d Cir.); Lewis v. United States, 295 F. 441 (1st Cir.).

■ To consider the interview of the juror by the judge in the absence of the defendant or counsel under the circumstances of this particular case and in view of the facts developed and the subject of the discussion, we do not feel that it constituted reversable error. An incident of this nature is obviously fraught with danger, but we do not have a situation here that anywhere nearly approaches that found in the Little case or the Mattox case. We must assume also that the jurors adhered to their oath. Baker v. Hudspeth, 129 F.2d 779 (10th Cir.).

■ The other points raised by appellant require no extended discussion. There is substantial evidence in the record to support the court's rulings on appellant's motions for a directed verdict and to support the verdicts in both cases. The record shows that the verdicts are in accordance with the evidence and the law; that the instructions are proper and the verdict is not contrary to them. There was no error in the trial judge's refusal to grant a mistrial nor new trials.

Affirmed.