Robert Charles MAGUIRE, Appellant,

v.

UNITED STATES of America,
Appellee.

Charles Russel GILES, Appellant,

v.

UNITED STATES of America,
Appellee.

Nos. 8435, 8436.

United States Court of Appeals
Tenth Circuit.

March 29, 1966.

Alan H. Bucholtz, Denver, Colo., for appellants.

John Quinn, U. S. Atty., Albuquerque, N. M., John A. Babington, Asst. U. S. Atty., Albuquerque, N. M., with him on the brief), for appellee.

Before MURRAH, Chief Judge, PICKETT, Circuit Judge, and CHRISTENSEN, District Judge.

PICKETT, Circuit Judge.

Appellants, Maguire and Giles, were tried and convicted by a jury on an indictment charging interstate transportation of a stolen motor vehicle, in violation of the National Motor Vehicle Theft Act, 18 U.S.C. § 2312. They appeal from the judgment and sentence entered upon the conviction.

The evidence is undisputed that a white, or near-white, 1962 Chevy II automobile, identification No. 20469N187504, as described in the indictment, was obtained by the appellants in Charleston, South Carolina on August 16, 1964, and that they thereupon proceeded to Albuquerque, New Mexico, where, on August 31, they were apprehended and the vehicle impounded. There is a basic dispute, however, as to the manner in which the appellants acquired possession of the automobile.

The government's version, as adduced largely through the testimony of the complaining witness, Hester, was that the appellants, by false pretenses, gained admission to his home in Charleston sometime between 1 A.M. and 2 A.M. on the morning of August 16, 1964, and that they then forced him upstairs, bound him with tape, and took, among other possessions, his automobile. The circumstances surrounding the apprehension of the appellants and the identification

and impounding of the automobile in Albuquerque on August 31 were related by two police officers of that city. The government also introduced in evidence the individual written statements of both Maguire and Giles, in which they described their acquisition of Hester's automobile and their subsequent journey to Albuquerque from Charleston. Appellants maintain that they were walking along a street in Charleston and encountered Hester sitting in his automobile in a state of apparent sickness or intoxication; that they undertook to drive him home, whereupon he invited them in for drinks and then proceeded to commit a homosexual act upon Maguire; that when Maguire threatened Hester, a school principal, with exposure, Hester immediately volunteered his automobile, money and clothing in return for their agreement not to expose him; and that at Hester's suggestion, they bound him in order to effect the appearance of an actual robbery. Throughout the trial, the defense's consistent position was that the automobile was not stolen because there was permission and consent granted in exchange for appellants' forebearance from exposing Hester as a homosexual.

■■ Appellants assert that the trial court erred in denying their motions for acquittal made at the conclusion of the government's case-in-chief, and timely renewed thereafter, on the ground that the government had failed to establish by competent evidence each essential element of the offense charged. In considering the motion for acquittal, the trial court must view the evidence in the light most favorable to the government, together with inferences which may fairly be drawn therefrom, and then determine whether there is substantial evidence from which a jury might properly find the accused guilty beyond a reasonable doubt. This standard is applicable to each of the several elements of the offense. Cartwright v. United States, 10 Cir., 335 F.2d 919. To convict under 18 U.S.C. § 2312, the government must prove (1) that the vehicle was stolen, (2) that it was transported in interstate commerce, and (3) that such transportation was with knowledge that the vehicle was stolen. Allison v. United States, 10 Cir., 348 F.2d 152. From an examination of the record, it is apparent that there was sufficient evidence going to each essential ingredient of the offense charged. The testimony of Hester provides an adequate basis for the inference that the vehicle was in fact stolen by the appellants. Their possession of the automobile in Albuquerque and the prior interstate transportation are not disputed. The recent disappearance of the automobile in Charleston, and its subsequent identification in the possession of the appellants in Albuquerque permits an inference that appellants knew it was stolen and that they had transported it in interstate commerce. Garrison v. United States, 10 Cir., 353 F.2d 94; Reese v. United States, 10 Cir., 341 F.2d 90; Grandsinger v. United States, 10 Cir., 332 F.2d 80. The case was therefore properly presented to the jury for ultimate factual determination, and although there was a sharp conflict presented in the testimony, it is apparent that the jury, as is its prerogative, elected to disbelieve the appellants' story and found that appellants stole the automobile. Cf. Reese v. United States, supra; Manning v. United States, 10 Cir., 215 F.2d 945. Our examination of the record reveals that there was sufficient evidence to sustain the verdict.

■■ Appellants urge that the trial court erred in refusing to inquire of the prospective jurors whether they would be prejudiced against the accused should they assert an act of homosexuality by Hester. An accused in a criminal case is entitled to be tried by an impartial jury and should be permitted suitable inquiry designed to ascertain any possible prejudice on the part of prospective jurors. The extent of the inquiry to be made in determining whether any such prejudice exists must of necessity be left to the sound discretion of the trial court. Connors v. United States, 158 U.S. 408, 15 S.Ct. 951, 39 L.Ed. 1033; Speak v. United States, 10 Cir., 161 F.2d 562;

Rule 24, F.R.Cr.P. Here, the proposed voir dire question related to a possible attribution of homosexuality to the owner of the automobile—not the defendants. Under these circumstances, the refusal to propound the question was neither prejudicial nor an abuse of the court's discretion. Rule 24, F.R.Cr.P. Cf. Grandsinger v. United States, supra; Chavez v. United States, 10 Cir., 258 F.2d 916, cert. denied sub nom. Tenorio v. United States, 359 U.S. 916, 79 S.Ct. 592, 3 L.Ed.2d 577; Speak v. United States, supra.

▮ On cross-examination, Giles was asked by the government if he had previously been arrested. Objection was made and sustained. He was then properly asked if he had been convicted of a prior felony, to which an affirmative reply was made. "When a defendant in a criminal case testifies in his own behalf, he may be asked on cross examination whether he has been convicted on a prior charge. The testimony is admissible for the purpose of impeachment." Thayer v. United States, 10 Cir., 168 F.2d 247, 249. The next question put to Giles was whether he was presently on probation. Objection was made and sustained. Defense counsel nevertheless moved for a mistrial, the denial of which is now assigned as error. Inasmuch as the question was never in fact answered, and having in mind the court's instruction to the jury to disregard the question and its admonition and formal instruction concerning the limited purpose for which evidence of a prior conviction might be used, we are unable to perceive that this unanswered question resulted in any prejudice to the accused.

▮ On rebuttal, the government recalled Hester and asked him a general, all-inclusive question concerning the truth of appellants' testimony regarding Hester's behavior at the time his automobile was taken. Objection was made, and after some uncertainty as to the proper formulation of the question, the court intervened and phrased the question itself. Appellants now argue that this intrusion in the questioning was prejudicial to their cause because it indicated to the jury that the court "sanctioned and supported" Hester's denial of the homosexual act attributed to him by the appellants. Only recently have we reaffirmed the principle that "The trial Judge is not a mere moderator or umpire in the trial of a case in federal court, and, within reasonable bounds, he has the right to participate in eliciting the truth. He should, however, be careful not to become an advocate for any of the parties." Ayash v. United States, 10 Cir., 352 F.2d 1009, 1010, and cases therein cited. The record shows that the trial judge's framing of the question was fair and impartial, and apparently undertaken merely to expedite the trial. There is no merit to the claim that it amounted to advocacy.

▮ Appellants further complain about the government's closing argument to the effect that even if the accused's story were true, their conduct nevertheless amounted to extortion; the implication was that a conviction under 18 U.S.C. § 2312 would lie in any event. Objection was made, and the court replied: "I will instruct the jury as to what the law is." And in denying the defense motion for a mistrial, the court further explained to the jury that "any statements by counsel on either side, are not the law, unless they correspond to what the court tells you." We are satisfied that these comments by the court were sufficient admonition to the jury and that, along with full instructions, they cured any prejudice that may have resulted from the prosecutor's remark.

▮ Finally, appellants assert that the trial court erred in failing to instruct the jury that specific intent feloniously and permanently to deprive the owner of the rights and benefits of ownership in his automobile is a necessary element of the offense charged. Suffice it to say that we have carefully reviewed the trial court's instructions and conclude that they are a fair and accurate representation of the law applicable to a prosecution under 18 U.S.C. § 2312.

Affirmed.