Richard Hatfield NICKLES, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 9113.

United States Court of Appeals
Tenth Circuit.

Aug. 21, 1967.

Stephen M. Hadley and James L. Barker, Jr., Salt Lake City, Utah, for appellant.

F. T. Wetzel, Asst. U. S. Atty. (William T. Thurman, U. S. Atty., with him on the brief), for appellee.

Before JONES*, SETH and HICKEY, Circuit Judges.

* Of the Fifth Circuit, by Designation.

SETH, Circuit Judge.

The appellant was charged in a multiple count indictment for violations of §§ 371 and 1341 of Title 18 United States Code for mail fraud and conspiracy. He was tried before a jury which returned a verdict of guilty, and this appeal has been taken. The appellant urges three principal points on appeal, each of which assert that the trial court was in error in failing to direct a verdict of not guilty, and in addition one of the points relates to the refusal of the trial court to grant appellant's motion for a new trial.

The record shows that appellant and others were engaged in what is known as a "referral plan" for the sale of television sets in Salt Lake City, Utah. This sales program continued for approximately eleven months. Under the plan a person who had purchased a television set from Utah Electronics, a corporation organized and operated by the appellant, could commence referrals by writing letters to friends or others considered to be prospective purchasers. The content of the letters was suggested by the sales personnel from form letters and in effect stated that it was possible for this friend of the purchasers to secure a color television set at little or no cost. The letter stated that a salesman of Utah Electronics would contact the addressee, arrange an appointment and explain how the plan operated. Under the arrangement, if the addressee made an appointment and purchased a set, the buyer who made the referral would receive a commission. If ten such referrals were qualified, the buyer would receive an additional bonus. The record shows that a substantial amount of money was paid by Utah Electronics by way of commissions and bonuses during the period the sales plan was in operation.

The record shows also that the prospective buyers received a sales talk from the salesman at the place of business, and also received a detailed explanation of the documents which set out the referral sales program. This explanation was recorded, and the buyer was required to state that he understood the program and the various documents concerned.

It appears that after the plan had been in use for a relatively short time, some of the buyers became unhappy with the manner in which the commissions were handled and expressed an opinion that they were entitled to additional commissions. These complaints were made also to the local distributor of RCA television sets from which Utah Electronics secured its stock. These complaining buyers asserted that they had been misled by the sales representatives of Utah Electronics into believing that Radio Corporation of America was sponsoring and providing the finances for the commissions and bonuses. Some eleven months after the referral program had commenced the RCA distributor refused to provide additional sets to the appellant, and his business terminated.

The grand jury indictment returned against the appellant alleged a plan to defraud which included representations that the referral plan was being used by RCA as a method of advertising, that it was part of its advertising program, and that advertising funds used ordinarily for other types of advertising were being used to support the referral plan; also that the commissions paid to purchasers for referrals came from advertising allowances given Utah Electronics by RCA. The indictment further alleged that it was represented that participants were paying for their sets without "any money paid out of their pocket by writing and submitting the referral letters involved in the program." Further it was alleged that some persons, in addition to paying for their sets, were making additional income by participation in the referral plan. The indictment also made other related allegations relative to the plan.

As indicated above, the appellant urges three points for reversal. The first two points assert that the trial court should have directed a verdict of not guilty for the reason that there was not shown to be any failure to pay a commission or

bonus that might be earned prior to the time that the appellant could not obtain additional television sets and for the reason that it was not shown that any referred buyer was improperly disqualified in violation of the sales presentation. The third point asserts also that the documents which were signed by the buyers represented the entire agreement and superseded any prior sales presentation in the absence of fraud; consequently, the appellant's motion for a directed verdict of not guilty or for a new trial should have been granted.

Appellant in this appeal would narrow the issue to whether or not there was evidence that any referred prospective buyers were improperly disqualified contrary to the agreement. We do not consider the issue to be so restricted. The indictment described a broad scheme and artifice to defraud, a portion of which is described above. The record contains abundant evidence relating to the representations and pretenses asserted in the indictment, and the trial court was correct in refusing to direct a verdict of not guilty. The offenses did not depend, as the appellant here urges, on whether prospective buyers were disqualified. The record also shows that the false representations and pretenses were made during a period that the appellant was receiving television sets, and consequently the proof established the offense before the distributor refused to provide any additional sets. The termination of the business and the cause therefor are not related to this proof, and again the trial court was correct in refusing to direct a verdict of not guilty for such reason. Estep v. United States, 140 F.2d 40 (10th Cir.).

The appellant asserts that the agreement signed by the buyer contained the entire agreement. The record does show that the purchasers acknowledged that it had been explained to them that the agreement signed by them relative to the commission (the "Commission Agreement") and the document entitled "Guarantee," which referred to the bonus, was the entire agreement. The execution and explanation of such documents does not merge all previous representations upon a proper showing of fraud. Oral testimony is admissible to show the presence of fraud notwithstanding such proof of the execution of documents. Pennok Oil Co. v. Roxana Petroleum Co. of Oklahoma, 289 F. 416 (8th Cir). Such evidence was admitted and properly so.

Under the circumstances presented on this appeal, the trial court upon the motions for verdict of not guilty was required to consider the evidence in a light most favorable to the Government, together with the inferences which could reasonably be drawn from such facts to determine whether there was substantial evidence upon which the jury might reasonably base a finding of guilty beyond a reasonable doubt. Abrams v. United States, 250 U.S. 616, 40 S.Ct. 17, 63 L.Ed. 1173; Cartwright v. United States, 335 F.2d 919 (10th Cir.); Maguire v. United States, 358 F.2d 442 (10th Cir.). The record before us shows that the trial judge committed no error in the application of this rule, and that there was evidence, competent and substantial, before the jury fairly tending to sustain the verdict. Abrams v. United States, supra.

The denial of appellant's motion for a new trial was within the discretion of the trial court, and we find no abuse of such discretion.

Affirmed.