**UNITED STATES of America,**
**Appellee,**

v.

**Mike Bruno BARTELLO, Appellant.**

**No. 59–70.**

United States Court of Appeals,
Tenth Circuit.

Oct. 19, 1970.

Ivan E. Barris, Detroit, Mich. (Joseph W. Louisell and Carl Ziemba, Detroit, Mich., of counsel, with him on the brief), for appellant.

Stephen K. Lester, Asst. U. S. Atty. (Robert J. Roth, U. S. Atty., with him on the brief), for appellee.

Before LEWIS, Chief Judge, and SETH and HICKEY **, Circuit Judges.

PER CURIAM.

The appellant was charged under a five count indictment; four of the counts relate to substantive offenses under 18 U.S.C. § 1952 and 18 U.S.C. § 2, and the fifth count charged a conspiracy to violate 18 U.S.C. § 1952. The appellant was found guilty and sentenced on all counts.

This appellant and several others were charged in each of the counts referred to above. All of the parties were tried together initially and were found guilty. Upon appeal to this court the convictions of all of the defendants were affirmed with the exception of this appellant, Mike Bruno Bartello. His conviction was reversed, he was retried alone, found guilty, and has again appealed. The facts are set out in the opinion filed in the original appeal, Dillon v. United States, 391 F.2d 433 (10th Cir.), and need not be described in detail in this opinion.

The indictment charged violation of 18 U.S.C. § 1952 in that the appellant, with others, with the intent to carry on unlawful activities, and in violation of the Act, did travel in interstate commerce upon the several dates set forth in the indictment. These offenses charged the appellant as an accessory before the fact to have police officers bribed and charged also the consummation of such a bribe. The charge describes the unlawful activities as consisting of gambling or a lottery known as Bingo. The record demonstrates that the several parties did attempt to establish a Bingo game in the State of Kansas, and in so doing sought to bribe police officers. In addition the proof also shows that the officers were sought to be bribed to protect the appellants in engaging in, soliciting, and performing abortions in the State of Kansas contrary to its laws.

On the appeal, this appellant urges as grounds for reversal several principal points. The first is that the trial court was in error in refusing to grant appellant's motion for a judgment of acquittal on the ground that there was an insufficient showing that the appellant traveled in interstate commerce on the dates set forth in counts one, two, and three of the indictment. The second point urged relates to count four, and the same ground was urged in the appellant's motion for judgment as alleged as to counts one, two, and three.

From a close examination of the record it must be concluded that there was sufficient evidence to warrant the trial court in the denial of appellant's motion for a judgment of acquittal. The record demonstrates that on or about the dates set forth in the indictment in the several counts, the defendants traveled between Detroit and Wichita, and upon their arrival in Wichita did engage in activities in furtherance of the alleged unlawful activities and in

** Judge Hickey, since deceased, heard the arguments in this case but did not participate in this decision.

furtherance of the abortion scheme. The appellant, a resident of Detroit, Michigan, is shown to have been in Wichita on or about the times which are asserted in the several counts of the indictment. Tafoya v. United States, 386 F.2d 537 (10th Cir.). There is further proof that he registered at motels in Wichita on or about the dates indicated, or met with various persons there concerning the proposed activities of the group. In the registration by the appellant at the motels in Wichita, he gave as his address a street number in Detroit, Michigan, which was also used by some of the other defendants. Furthermore, on several of the occasions other evidence was introduced showing the actual travel by the appellant. This evidence shows that the appellant participated in meetings relative to the abortion scheme, and negotiations were undertaken to procure Bingo equipment and the rental of a place to hold the Bingo games.

The test for a review of the action of the trial court of a motion for acquittal is set out in Wall v. United States, 384 F.2d 758 (10th Cir.), where we said:

> "In deciding a motion for acquittal the trial judge determines whether, considering the evidence in the light most favorable to the government, there is substantial evidence from which a jury might reasonably find that an accused is guilty beyond a reasonable doubt. This rule does not encroach on the presumption of innocence. It recognizes the procedure by which the presumption may be overcome."

See also Swallow v. United States, 307 F.2d 81 (10th Cir.); Nickles v. United States, 381 F.2d 258 (10th Cir.), and Maguire v. United States, 358 F.2d 442 (10th Cir.).

█ The appellant urges that the trial court was also in error in refusing to grant his motion for judgment of ac-

quittal on the count of the indictment alleging a conspiracy. The record clearly shows the relationship of this appellant with the other conspirators and at all relevant times charged in the indictment, and the record clearly describes the scope and purpose of the conspiracy. The record is very clear on this point and demonstrates clearly the participation by this appellant in the conspiracy and contains facts which show that he knew its scope and purpose. He was a member at the time each substantive offense was charged. Glazerman v. United States, 421 F.2d 547 (10th Cir.). The standard of Pereira v. United States, 347 U.S. 1, 74 S.Ct. 358, 98 L.Ed. 435, and Doty v. United States, 416 F.2d 887 (10th Cir.), was met.

As a point related to the one next above considered, the appellant urges that it was necessary for the jury to find that he understood that the conspiracy included the violation of 18 U.S.C. § 1952. We have examined the record and there is compelling evidence to indicate that this appellant, as well as the others, knew that the activities in which they were engaged were contrary to the laws of the State of Kansas. This issue arose upon several occasions relating to the procurement of Bingo cards and the rental of a place for the Bingo game.

█ The appellant also urges that the trial court should have granted his motion for a mistrial when a Government witness testified that he was told by another conspirator during the course of the attempted bribery of the police officers that this appellant's uncle was a lieutenant in the Mafia in the city of Detroit. We find no error on the part of the trial court for the reason that the testimony was relevent to the part that appellant was to play in the Bingo plan and in the abortion scheme, and this reference was apparently some sort of a recitation of his qualifications in one capacity or another. There was nothing in the record to show that the statement

was untrue, and the court gave adequate and careful admonitions and instructions relative to the testimony.

■ The appellant also asserts on this appeal that he had a right to have the trial court place a limitation on the extent to which he could be cross-examined as to his criminal record in the event he took the stand. We find no merit in this contention. The limitation was sought to exclude cross-examination concerning a prior conviction of the appellant which had taken place in 1947 in Detroit. The offense was conspiracy to violate the gambling laws of Michigan. This apparently was appellant's only conviction of record. A limitation upon cross-examination under these circumstances is clearly within the discretion of the trial court. Bacino v. United States, 316 F.2d 11 (10th Cir.); Webb v. United States, 191 F.2d 512 (10th Cir.). Such limitations have been imposed in a number of other circumstances, including Luck v. United States, 121 U.S.App.D.C. 151, 348 F.2d 763, and Gordon v. United States, 127 U.S.App. D.C. 343, 383 F.2d 936, both from the District of Columbia Circuit, but they present different considerations than we have before us. The appellant argues that the possibility of prejudice in the event that such prior convictions were developed on cross-examination was very great and to this we would agree in view of the charge on which he was convicted. We have considered other instances where the issue has been raised, including United States v. Sternback, 402 F.2d 353; United States v. Plata, 361 F.2d 958, and United States v. Pinna, 229 F. 2d 216, all of the Seventh Circuit. However, upon the circumstances before us, and considering the discretion by the trial court, we cannot say that there was a clear abuse of discretion as to this issue.

We find no error.

Affirmed.