**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**James Joseph WILLIAMS and Jackie
Johnson, Defendants-Appellants.**

**Nos. 671-70, 672-70.**

United States Court of Appeals,
Tenth Circuit.

July 14, 1971.

Rehearing Denied Aug. 5, 1971.

422

Glen S. Kelly, Asst. U. S. Atty., Kansas City, Kan. (Robert J. Roth, U. S. Atty., Kansas City, Kan., with him on the brief), for plaintiff-appellee.

Michael B. Lavinsky, Denver, Colo., for defendants-appellants.

Before MURRAH, PICKETT and HILL, Circuit Judges.

PICKETT, Circuit Judge.

Appellants Williams and Johnson were convicted and sentenced for stealing portable television sets from an interstate shipment in violation of 18 U.S.C. § 659 and § 2. The questions presented on this appeal arise out of the cross examination of Williams and Johnson as to previous convictions for other crimes, and the failure of the court to adequately instruct the jury as to the purpose of such evidence.

The prosecution's evidence showed that Williams, Johnson, and a third party appeared at the home of a friend in Kansas City, Kansas during the night of February 21, 1970 with a number of portable television sets which admittedly had been stolen from an interstate shipment during that night. There was testimony that when Williams and Johnson arrived at the friend's home a total of six sets were brought into the house, and that both Williams and Johnson were carrying two television sets in their hands. Johnson denied participating in the theft, attempting to establish an alibi. Williams' testimony was limited to a statement that he had been paralyzed in his left arm since the age of two years as the result of poliomyelitis and could not carry objects in his left hand or with his left arm. On cross examination Williams was asked if he had "ever been convicted of a crime." Williams, over an objection, testified that he had been convicted of manslaughter in the first degree. The date of this conviction was not shown. Before Johnson testified on his own behalf, the court advised his counsel that the prosecution, on cross examination, would be permitted to inquire into a 1957 or 1958 conviction of Johnson for the crime of assault with intent to kill. Thereafter, Johnson admitted the conviction on direct examination.

Counsel for appellants vigorously contends that the court erred in permitting cross examination concerning the old convictions for crimes of violence; such evidence, he argues, did not reflect upon the integrity of either witness, but only served to create an inference that the defendants were "bad men" or "evil characters." The argument is not wholly without legal support. There appears to be a trend in legal thinking away from the traditional right of unlimited cross examination of defendants as to

prior convictions when they testify in their own defense.[1] The rule advocated is that cross examination pertaining to prior convictions should be confined to those convictions for crimes which have a direct bearing on the veracity of the defendant; that is, for impeachment purposes, the conviction sought to be shown should be for a crime involving dishonesty or false statement and related to credibility. This rule would lodge in the trial court broad discretionary powers as to such cross examination. See United States v. Bailey, 138 U.S. App.D.C. 242, 426 F.2d 1236 (1970); Gordon v. United States, 127 U.S.App. D.C. 343, 383 F.2d 936 (1967), cert. denied, 390 U.S. 1029, 88 S.Ct. 1421, 20 L. Ed.2d 287 (1968); Luck v. United States, 121 U.S.App.D.C. 151, 348 F.2d 763 (1965). See Note, Constitutional Problems Inherent in the Admissibility of Prior Record Conviction Evidence, 37 U. of Cinn.L.Rev. 168 (1968); Spector, Impeachment Through Past Convictions: A Time For Reform, 18 De Paul L.Rev. 1 (1968); Note, The United States Court of Appeals for the District of Columbia Circuit: 1966–1967 Term, 56 Georgetown L.J. 58, 117 (1967).

■ This court, however, has continuously followed the time honored rule that when a defendant in a criminal case takes the stand in his own defense, his credibility may be impeached and his testimony attacked in the same manner as any other witness, including reference to prior convictions. United States v. Perea, 413 F.2d 65 (10th Cir. 1969), cert. denied, 397 U.S. 945, 90 S.Ct. 960, 25 L.Ed.2d 125 (1970); Butler v. United States, 408 F.2d 1103 (10th Cir.

1969); Martin v. United States, 404 F. 2d 640 (10th Cir. 1968); Burrows v. United States, 371 F.2d 434 (10th Cir. 1967). To minimize undue prejudice, we have recognized that the trial court has discretion in limiting cross examination of an accused on the subject of prior convictions. United States v. Bartello, 432 F.2d 1030 (10th Cir. 1970); United States v. Perea, *supra*; Butler v. United States, *supra*; Burrows v. United States, *supra*; Maguire v. United States, 358 F.2d 442 (10th Cir. 1966). We find no abuse of discretion.

■ When testimony of prior convictions is admitted during the trial of a criminal case, the court should be careful to instruct the jury that the evidence is for impeachment purposes only. The effect of such limiting instructions has often been criticized,[2] but the Supreme Court, while recognizing the prejudicial effect of evidence of prior convictions, has noted that "limiting instructions on this subject are no more difficult to comprehend or apply than those upon various other subjects; * * *" Spencer v. Texas, 385 U.S. 554, 563, 87 S.Ct. 648, 653, 17 L.Ed.2d 606 (1967), reh. denied, 386 U.S. 969, 87 S.Ct. 1015, 18 L.Ed.2d 125 (1967); Michelson v. United States, 335 U.S. 469, 485, 69 S. Ct. 213, 93 L.Ed. 168 (1948).

■ In this case, no instruction was given when the evidence of other crimes was admitted nor in the court's general instructions. No exception was taken to the failure so to instruct the jury and no instruction was offered by the defense. Under Rule 52(b), Federal Rules of Criminal Procedure, we could notice this

---

1. A.L.I. Model Code of Evidence, Rule 106(3), would prohibit cross examination of defendants for the sole purpose of impairing their credibility unless evidence of good character is first introduced. See also Proposed Rules of Evidence, Rule 609, and the Advisory Committee's Note, 51 F.R.D. 315, 391.

2. In Nash v. United States, 54 F.2d 1006, 1007 (2nd Cir. 1932), Judge Hand, referring to an instruction designed to restrict evidence to a particular purpose,

said that a limiting instruction is a "recommendation to the jury of a mental gymnastic which is beyond, not only their powers, but anybody's else."

Justice Jackson referred to instructions of this nature and said: "The naive assumption that prejudicial effects can be overcome by instructions to the jury * * * all practicing lawyers know to be unmitigated fiction." Krulewitch v. United States, 336 U.S. 440, 453, 69 S.Ct. 716, 723, 93 L.Ed. 790 (1949).

failure as clear error affecting substantial rights of the defendants, but we do not believe this record warrants that action. In determining whether the "clear error" rule should be invoked, the entire record should be considered. Adams v. United States, 375 F.2d 635 (10th Cir. 1967), cert. denied, 389 U.S. 880, 88 S. Ct. 117, 19 L.Ed.2d 173 (1967); Jennings v. United States, 364 F.2d 513 (10th Cir. 1966), cert. denied, 385 U.S. 1030, 87 S.Ct. 760, 17 L.Ed.2d 677 (1967); Wright v. United States, 301 F.2d 412 (10th Cir. 1962); Wright, Federal Practice and Procedure: Criminal § 854; cf. Nutt v. United States, 335 F.2d 817 (10th Cir. 1964), cert. denied, 379 U.S. 909, 85 S.Ct. 203, 13 L.Ed.2d 180 (1964). It has been said that "(p)erhaps the single most significant factor in weighing whether an error was harmful is the strength of the case against the defendant." Wright, Federal Practice and Procedure: Criminal § 854 at page 358, citing for authority Kotteakos v. United States, 328 U.S. 750, 764, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946). In the *Kotteakos* case, the Court said:

"If, when all is said and done, the conviction is sure that the error did not influence the jury, or had but very slight effect, the verdict and the judgment should stand, except perhaps where the departure is from a constitutional norm or a specific command of Congress. *Bruno v. United States,* * * * 308 U.S. 287, at page 294, 60 S.Ct. 198, at page 200, 84 L.Ed. 257. But if one cannot say, with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error, it is impossible to conclude that substantial rights were not affected. The inquiry cannot be merely whether there was enough to support the result, apart from the phase affected by the error. It is rather, even so, whether the error itself had substantial influence. If so, or if one is

left in grave doubt, the conviction cannot stand."

 This is not a close case. The evidence is so one-sided that it is inconceivable that an instruction concerning the purpose of the evidence of the former convictions would have had any influence on the judgment of the jury or affected the result. See Lutwak v. United States, 344 U.S. 604, 619, 73 S.Ct. 481, 97 L.Ed. 593 (1953); Brooks v. United States, 330 F.2d 757 (10th Cir. 1964), cert. denied, 379 U.S. 852, 85 S.Ct. 100, 13 L.Ed.2d 56 (1964).

Affirmed.