**UNITED STATES of America,**
**Appellee,**

v.

**Clarence SMITH, a/k/a "Texas Shorty," Appellant.**

**No. 74–1353.**

United States Court of Appeals, Tenth Circuit.

Aug. 22, 1975.

Mark L. Bennett, Jr., Topeka, Kan., for appellant.

Mary K. Briscoe, Asst. U. S. Atty. (E. Edward Johnson, U. S. Atty., and Bruce E. Miller, Asst. U. S. Atty., with her on the brief), for appellee.

Before SETH, McWILLIAMS and BARRETT, Circuit Judges.

SETH, Circuit Judge.

The defendant, Clarence Smith, was indicted and tried for the first degree murder of a fellow inmate in the federal penitentiary at Leavenworth, Kansas. The jury returned a verdict of guilty of voluntary manslaughter, and defendant appeals.

Appellant's first argument is that the trial court abused its discretion in allowing evidence of his prior convictions to be admitted. Prior to the start of the trial, the trial court heard appellant's motion for a protective order to prevent the Government from cross-examining him about his prior criminal record. This record included convictions of armed robbery, burglary, and forgery, the latter being the record for his incarceration at Leavenworth. The motion was directed to the convictions of robbery and burglary on the theory they did not pertain to credibility and therefore are beyond the permissible scope of cross-examination for impeachment purposes. The motion was denied, and appellant

revealed each of his prior convictions on direct examination.

In *United States v. Williams,* 445 F.2d 421 (10th Cir.), coappellant Johnson had been advised the Government would be allowed to cross-examine him about his prior conviction of assault with intent to kill. This was before he took the stand in his trial for stealing television sets from an interstate shipment, and he then revealed the prior conviction on direct examination. This court there said:

" . . . There appears to be a trend in legal thinking away from the traditional right of unlimited cross examination of defendants as to prior convictions when they testify in their own defense. . . .

"This court, however, has continuously followed the time honored rule that when a defendant in a criminal case takes the stand in his own defense, his credibility may be impeached and his testimony attacked in the same manner as any other witness, including reference to prior convictions. *United States v. Perea,* 413 F.2d 65 (10th Cir. 1969), cert. denied, 397 U.S. 945, 90 S.Ct. 960, 25 L.Ed.2d 125 (1970); *Butler v. United States,* 408 F.2d 1103 (10th Cir. 1969); *Martin v. United States,* 404 F.2d 640 (10th Cir. 1968); *Burrows v. United States,* 371 F.2d 434 (10th Cir. 1967). To minimize undue prejudice, we have recognized that the trial court has discretion in limiting cross examination of an accused on the subject of prior convictions. *United States v. Bartello,* 432 F.2d 1030 (10th Cir. 1970); *United States v. Perea, supra; Butler v. United States, supra; Burroughs v. United States, supra; Maguire v. United States,* 358 F.2d 442 (10th Cir. 1966). We find no abuse of discretion."

■ Appellant relies on *Luck v. United States,* 121 U.S.App.D.C. 151, 348 F.2d 763, for the proposition that in exercising its discretionary power, the trial court must hold a hearing to determine whether the prejudice resulting from the use of prior convictions outweighs their probative value. A pretrial hearing was held on the motion in the case before us, and appellant's argument therefore appears to challenge the adequacy of that hearing. We do not read *Luck* or any other case as requiring a hearing as to the admissibility of prior convictions for impeachment purposes. *Luck* involved the District of Columbia's statutory prior conviction rule and while it is obviously distinguishable in that it involved a statutory prior conviction rule, none of its reasoning requires a hearing in the exercise of the court's discretionary power.

■ The hearing in the case before us was occasioned by appellant's pretrial motion for a protective order, and we find no abuse of discretion in its denial. The indictment charged murder within a penitentiary. The defendant, the victim, and the eye witness were all inmates incarcerated on prior convictions. It was of practical necessity, therefore, that on voir dire of the jury panel and before the motion hearing, defendant's counsel examined the panel with regard to defendant's obvious status as a convict. During the trial, defendant freely cross-examined the Government's eye witness about his prior convictions. After defendant took the stand, he called the prison records officer for the purpose of showing the victim's convictions. He then called seven inmates, some of whom testified about violence in general at the penitentiary, most of whom testified about the violent reputation of the victim, and all of whom were questioned on direct or cross-examination about their own convictions. Viewing this record as a whole, we cannot see that the trial court abused its discretion or the defendant was unduly prejudiced by either denial of the pretrial motion or subsequent introduction of his prior convictions.

■ Appellant's second argument is the trial court erred in giving an additional "Allen" type instruction to the jury after they had deliberated only three hours. The jury had so deliberated when released overnight, and was given the challenged instruction upon returning the following morning. Defendant immediately objected on the ground

of coercion and prejudice, especially in light of the length of the trial, the volume of evidence received, the possibility of four different verdicts, and the fact that the last indication made by the jury was they were making progress. The instruction here concerned is basically the same as considered by this court in *Munroe v. United States,* 424 F.2d 243 (10th Cir.). *Munroe* is dispositive of appellant's contention as to the Allen type instructions given during the deliberation of the jury, and before any deadlock was indicated. We are of the view that "Allen" instructions are not per se coercive, and each case is reviewed individually to determine whether the taint of coercion was present. *See United States v. Wynn,* 415 F.2d 135 (10th Cir.); *Munroe v. United States,* 424 F.2d 243 (10th Cir.); *Goff v. United States,* 446 F.2d 623 (10th Cir.); *United States v. Cowley,* 452 F.2d 243 (10th Cir.); *United States v. Abbadessa,* 470 F.2d 1333 (10th Cir.).

■ Appellant's third argument concerns the trial court's refusal to instruct on the lesser included offense of involuntary manslaughter. The theory of appellant's case was self-defense, and the trial court properly instructed the jury that such a defense is a complete defense. The crime of involuntary manslaughter is inconsistent with the theory of self-defense.

Appellant's fourth argument concerns denial of his motion for new trial on the ground that he was under the influence of drugs during trial and therefore incapable of assisting in his own defense.

It was while the jury was deliberating that appellant first advised his counsel he had been under the influence of drugs throughout the trial. An evidentiary hearing on his motion revealed appellant had requested and received a prescription of ten milligrams of Valium to be given three times per day. Medical testimony showed Valium to be a mild tranquilizer having possible but unlikely effects upon an individual's mental capacities. Appellant testified that during his trial he would save his evening dosage and take it with the morning dosage, with the result that he would be "drow-sy" and things would "pass right on by . . . ."

■ The test of competency to stand trial is "whether [the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States,* 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824; *Arnold v. United States,* 432 F.2d 871 (10th Cir.). This test raises issues of fact as to which the defendant has the burden of proof. *Johnston v. United States,* 292 F.2d 51 (10th Cir.). Ignoring the self-administered aspect of the matter, the record does not show, and we have no reason to believe, that appellant's use of Valium per se rendered him incompetent to stand trial. *United States v. Tom,* 340 F.2d 127 (2d Cir.). On the other hand, the record does show that appellant appeared to both the trial court and his own counsel to understand the proceedings and communicate rationally with counsel. We conclude there is adequate evidentiary support for the trial court's conclusion that appellant failed to sustain his burden of proving his incompetency.

Appellant's final argument is that he was denied trial by a jury of his peers. Before voir dire commenced, appellant, a Black, objected to the fact there were no Blacks on the jury panel. In making the objection he conceded he knew of nothing unlawful in the selection of the panel. His argument is that the result speaks for itself and constitutes a prima facie case of purposeful discrimination.

■ We find no case in which such a broad and unspecified objection has been held to constitute a prima facie case. As we recently stated in *Leggroan v. Smith,* 498 F.2d 168 (10th Cir.), a claim of discriminatory selection of jurors "necessarily requires a showing that a recognizable, identifiable class of persons, otherwise entitled to be jury members, has been purposefully and systematically excluded from jury service." While the actual result of exclusion may

by inference contribute to a showing of such system or purpose, result alone is insufficient to establish a prima facie case shifting the burden of proof to the Government. Appellant's argument that the summary overruling of his objection prevented him from developing facts which would support his claim of discriminatory selection is equally without merit. Not only is the argument an admission that at the time he knew of no such facts, but also it ignores the statutory procedure available for challenging the selection process, 28 U.S.C. § 1867.

Affirmed.