## The UNITED STATES of America, Plaintiff-Appellee,

v.

## Zachary R. MONTGOMERY, Defendant-Appellant.

### No. 85–1219.

United States Court of Appeals,
Tenth Circuit.

Sept. 30, 1986.

M.E. McCollam, Tulsa, Okl., for defendant-appellant.

Keith Ward, Asst. U.S. Atty. (Layne R. Phillips, U.S. Atty., with him on the brief), Tulsa, Okl., for plaintiff-appellee.

Before HOLLOWAY, Chief Judge, SEYMOUR, Circuit Judge, and SAFFELS, District Judge.*

* Honorable Dale E. Saffels, United States District Judge, District of Kansas, Sitting by Designation.

SAFFELS, District Judge.

Defendant Zachary R. Montgomery appeals his conviction of conspiracy to manufacture, possess and distribute a Schedule II controlled substance, methamphetamine, in violation of 21 U.S.C. § 846. He was sentenced to three (3) years in prison. On appeal, defendant claims that the trial court erred in overruling his motion for a mistrial on the grounds that the prosecutor's closing argument violated his fifth amendment right against self-incrimination.

Defendant and five co-defendants were tried by the same jury. During the trial, two of the five co-defendants testified on their own behalf. Defendant elected not to testify during the trial. One co-defendant, Larry Neal Thompson, testified that he had been involved in the manufacture, possession and distribution of methamphetamine. He denied having been in a conspiracy with the other co-defendants regarding these illegal activities.

In his closing argument, the prosecutor made three references to defendant Thompson's testimony of which defendant Montgomery complains. First, the prosecutor commented:

> Concluding my analysis of the case, there is no doubt, in fact the evidence is overwhelming, that these defendants unlawfully committed the crimes of which they have been accused. And at the close of the Government's evidence, the best witness had not yet testified. Larry Neal Thompson was that witness. He spent about five hours on the witness stand and you heard him, you know he was lying to you.

R. Vol. XIV at 2011.

The prosecutor again mentions defendant Thompson's testimony by commenting:

> To believe Larry Neal Thompson you have to disbelieve the Government's witnesses. Not only the accomplice witnesses but also the law enforcement witnesses. You have to completely shut your mind and ignore all the statements on the audio tapes. And although this is not Perry Mason or Petrocelli, no one

expected him to go up there and take the witness stand and testify that he committed the crimes, but he did. And when he did, with regard to the rest of his testimony, it's up to you, the factfinders, the judges of the facts, to determine whether or not he lied to you.

R. Vol. XIV at 2013.

Finally, the prosecutor states:

> Let's see how much time Mr. Gullekson spends talking to you about why Larry Neal Thompson lied to you....
> . . .
> . . . .
> And, let's get up here, let's have him explain to you why Larry Thompson got on the witness stand and identified his client as the chemist in this organization....

R. Vol. XIV at 2014.

Defendant Montgomery did not object during the prosecutor's argument but moved for mistrial upon its completion. The trial court overruled the motion.

■ The self-incrimination clause of the fifth amendment is violated when the prosecution comments on an accused's silence. *Griffin v. California,* 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965). In this Circuit, the test to determine whether a prosecutor's remark will be considered a comment on the defendant's failure to testify is "whether the language used was manifestly intended or was of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify." *Knowles v. United States,* 224 F.2d 168, 170 (10th Cir.1955).

■ The failure of defendant to timely object to the prosecutor's comments does not bar review by this court as the substantial nature of the right involved could give rise to plain error. *United States v. Barton,* 731 F.2d 669 (10th Cir.1984). "In determining whether the 'clear error' rule should be invoked, the entire record should be considered." *United States v. Williams,* 445 F.2d 421, 424 (10th Cir.) *cert. denied,* 404 U.S. 966, 92 S.Ct. 342, 30 L.Ed.2d 286 (1971).

Defendant maintains that in a joint criminal trial, the prosecutor may not comment on the fact that a particular co-defendant elected to take the stand when another co-defendant elected to remain silent. We have carefully reviewed the record and find that no error was committed by the prosecutor's statements in closing argument. The statements of the prosecutor amount only to comment regarding the substance of defendant Thompson's testimony as well as his credibility. These clearly are matters on which the prosecution may comment. See *United States v. Cotter*, 425 F.2d 450 (1st Cir.1970); *United States v. Jansen*, 475 F.2d 312 (7th Cir. 1973). The statements when read in their proper context contain no reference to defendant Montgomery's silence and they cannot be inferred as comment on his failure to testify. Further, the comments by the prosecutor cannot be found to adversely affect defendant's right to a fair trial. The prosecutor's comments fairly related to the facts brought out during trial and "did not divert the jury from its sworn duty to decide the issue of innocence or guilt based on the evidence admitted and the court's instructions." *United States v. Haskins*, 737 F.2d 844, 850 (10th Cir.1984).

Additionally, we would note that the trial court properly instructed the jury that the law does not require a defendant to take the witness stand and that guilt is not to be inferred by the failure of any defendant to testify. Under the circumstances of this case, any danger that the jury would misinterpret the silence of any defendant was therefore eliminated.

We conclude that the trial court's denial of defendant Montgomery's motion for mistrial was proper. Accordingly, we AFFIRM.