UNITED STATES of America,
Plaintiff–Appellee,

v.

Amador RODRIGUEZ–MEJIA,
Defendant–Appellant.

No. 93–2182.

United States Court of Appeals,
Tenth Circuit.

April 1, 1994.

---

Submitted on the briefs: *

Richard C. Cauble, Las Cruces, NM, for defendant-appellant.

Larry Gomez, U.S. Atty., Albuquerque, NM, Judith A. Patton, Asst. U.S. Atty., Las Cruces, NM, for plaintiff-appellee.

Before TACHA and BALDOCK, Circuit Judges, and CARRIGAN, District Judge.**

BALDOCK, Circuit Judge.

Defendant Amador Rodriguez–Mejia appeals his conviction for possession with intent to distribute marijuana, 21 U.S.C. § 841(a)(1), (b)(1)(D), asserting that the district court erred in giving an *Allen*[1] charge to the jury. We have jurisdiction under 28 U.S.C. § 1291.

Defendant was tried by jury on March 17, 1993. After jury instructions and closing statements, the jury retired to deliberate at 11:38 a.m. The jury took a lunch break and after deliberating a total of about two hours, the court reconvened at 2:55 p.m. and proposed to counsel that the *Allen* charge be read to the jury. Over defense counsel's objection, the court proceeded to give the following *Allen* instruction to the jury:

> This is an important case. The trial has been expensive in time, effort and money to both the defense and the prosecution. If you should fail to agree upon a verdict, the case is left open and must be tried again. Obviously, another trial would only serve to increase the cost to both sides, and there is no reason to believe that the

case can be tried again by either side better or more exhaustively than it has been tried before you.

> It is your duty, as jurors, to consult with one another and deliberate with a view toward reaching an agreement, if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations do not hesitate to reexamine your own views and change your opinion if you are convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

> I will ask now that you retire once again and continue your deliberations with these additional comments in mind to be applied, of course, in conjunction with all of the instructions I have previously given you.

The jury renewed its deliberations at 3:01 p.m., and continued deliberating until court was adjourned for the day at 4:58 p.m. The jury returned the next day at 9:00 a.m. to continue deliberating. At 10:10 a.m., the jury advised the court it had reached a verdict, and returned a verdict of guilty.

■ We have traditionally urged caution in the use of the *Allen* instruction. *United States v. Butler*, 904 F.2d 1482, 1488 (10th Cir.1990). The preferred rule of procedure is to give an *Allen* instruction at the same time as other instructions; however, this is not a per se rule. *Id.* (citing *United States v. McKinney*, 822 F.2d 946, 951 (10th Cir. 1987)). We review whether an *Allen* instruction was erroneously given on a case-by-case basis with a view towards determining whether the instruction had a coercive effect on the jury. *McKinney*, 822 F.2d at 951.

■ We conclude that neither the wording nor the timing of the district court's *Allen* instruction was coercive. In *Butler*, 904 F.2d

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case therefore is ordered submitted without oral argument.

** The Honorable Jim R. Carrigan, United States District Judge for the District of Colorado, sitting by designation.

1. *Allen v. United States,* 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896).

at 1487–88, we upheld an *Allen* instruction that contained wording very similar to the wording here. Moreover, the instruction here, unlike the one given in *Butler,* was directed to the entire jury and not just to those jurors in the minority. *See United States v. Meuli,* 8 F.3d 1481, 1487 (10th Cir.1993) (because instruction was not directed specifically at jurors holding minority view, possibility of coercion was further reduced), *petition for cert. filed,* No. 93–7410 (U.S. Jan. 10, 1994); *United States v. Porter,* 881 F.2d 878, 889 (10th Cir.) (same), *cert. denied,* 493 U.S. 944, 110 S.Ct. 348, 107 L.Ed.2d 336 (1989). Furthermore, the court emphasized in this case that the jurors should not surrender their honest convictions. *See Meuli,* 8 F.3d at 1487 (statement that jurors should not give up honest convictions reduced coerciveness).

 We also find no error in the timing of the instruction. We have held on many occasions that, while not preferred, it is not error to give an *Allen* instruction after deliberations have begun but before the jury declares deadlock. *See United States v. Smith,* 857 F.2d 682, 684 (10th Cir.1988); *United States v. Smith,* 521 F.2d 374, 377 (10th Cir.1975); *United States v. Seasholtz,* 435 F.2d 4, 7 (10th Cir.1970); *Munroe v. United States,* 424 F.2d 243, 247 (10th Cir.1970).[2] We have also held that it is not error to give the instruction prior to deadlock and when the jury has been deliberating only a few hours. *See Smith,* 521 F.2d at 376–77 (*Allen* instruction given without evidence of jury deadlock after jury had been deliberating only three hours); *Munroe,* 424 F.2d at 247 (*Allen* instruction given without evidence of jury deadlock after jury had been deliberating only one hour and forty-five minutes). We find further evidence that the timing was not coercive in that the jury deliberated for three more hours after the court gave the *Allen* instruction, even recessing for the evening and returning the next morning to continue deliberations. *See Mason v. Texaco, Inc.,* 948 F.2d 1546, 1557 (10th Cir.1991) (length of

continued deliberations after court gives *Allen* instruction is a factor in determining whether instruction was coercive), *cert. denied,* —— U.S. ——, 112 S.Ct. 1941, 118 L.Ed.2d 547 (1992). Thus, we conclude the court did not err in giving an *Allen* instruction to the jury without evidence of jury deadlock and after only two hours of deliberations.

Defendant's conviction is AFFIRMED.

---

**2.** We find it disturbing that both government and defense counsel failed to cite any of these cases when addressing this issue in their briefs, but instead relied on caselaw from other circuits addressing the same issue. We wish to remind counsel that we are controlled by the law of this circuit, and counsel should find and cite this court's own precedent before citing supportive caselaw in other circuits.