46 F.3d 1153
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Juanita VILLA, Defendant-Appellant.
 No. 93-2276.
 United States Court of Appeals, Tenth Circuit.
 Jan. 18, 1995.
 
 Before BALDOCK, Circuit Judge, and SETH and McWILLIAMS, Senior Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 McWILLIAMS
 
 1
 In a one-count indictment, Juanita Villa was charged with possession with an intent to distribute less than fifty kilograms of marijuana, in violation of 21 U.S.C. 841(a)(1) and 841(b)(1)(D). Prior to trial, Ms. Villa moved to suppress the use at trial of the some 31.4 pounds of marijuana found in a search of the vehicle she was driving. After an evidentiary hearing, the motion was denied. After trial, a jury returned a verdict of guilty as charged. She was thereafter sentenced to imprisonment for twenty-one months to be followed by three years of supervised release. She now appeals her conviction and sentence. We affirm.
 
 
 2
 Ms. Villa, driving a 1975 Ford Granada, stopped at a border patrol checkpoint on Interstate 25 near Radium Springs, New Mexico, just north of Las Cruces, New Mexico. She was the only occupant of the car. During a brief encounter in the "primary" inspection area, the agent noticed that the vehicle had a "dealers" tag which showed that the vehicle had been purchased two weeks prior to the date of the stopping, which did not jibe with Ms. Villa's initial statement that she had purchased the vehicle "a few days ago." The agent asked some routine questions regarding citizenship and travel plans, learning that Ms. Villa was en route from El Paso, Texas, to Albuquerque, New Mexico. The agent testified that Ms. Villa was staring at him and was quite nervous. The agent then asked Ms. Villa if he could look in the trunk, to which inquiry she stated that she had no objection. Ms. Villa had some difficulty in opening the trunk, but she eventually did, and the agent found nothing in the trunk to arouse any suspicion
 
 
 3
 The agent then asked Ms. Villa to pull her vehicle into the "secondary" inspection area at the checkpoint. See United States v. Rascon-Ortiz, 994 F.2d 749, 751-52 (10th Cir.1993) ("The Tenth Circuit has repeatedly stated that agents have virtually unlimited discretion in selectively referring motorists to secondary inspection.") The time between the initial encounter and the request to pull into the secondary inspection area was estimated to be 20 to 30 seconds.
 
 
 4
 At the secondary inspection area Ms. Villa was asked if she had any objection to a further search of her vehicle and to a canine inspection of the vehicle. Ms. Villa indicated that she had no objection to either. At this point two other agents began checking the vehicle. The canine inspection followed and resulted in a positive alert. Shortly thereafter approximately 31.4 pounds of marijuana were discovered in four sections of drive shaft retrieved from within the car's rocker panels.
 
 
 5
 Ms. Villa testified at trial that she didn't know there was marijuana hidden in the car. She testified that the vehicle belonged to a friend named "Hugo" and that at his request she was driving the car from El Paso to Albuquerque, where she planned to meet Hugo.
 
 
 6
 In this court, Ms. Villa advances five grounds for reversal. These will be considered seriatim.
 
 1. Motion to Suppress
 
 7
 Counsel argues first that the district court erred in finding that there was reasonable suspicion to justify the border patrol agent's continued detention of Ms. Villa and the subsequent search of her vehicle, and that, accordingly, the district court erred in denying her motion to suppress the use at trial of the marijuana found hidden in the vehicle she was driving.
 
 
 8
 At the evidentiary hearing on the motion to suppress, the government called two border patrol agents, and they were the only witnesses who testified. Based on their testimony, the district court denied the motion to suppress, holding that the detention of Ms. Villa, first at the "primary" inspection area and then at the "secondary" inspection area, was justified and non-violative of the Fourth Amendment, and further, that Ms. Villa thereafter consented to the visual and canine "search" of her vehicle.
 
 
 9
 Our reading of the record leads us to conclude that in denying the motion to suppress the district court did not err, and that its findings in support thereof are not clearly erroneous but amply supported by the record. In support of our conclusion, see such cases as United States v. Martinez-Fuerte, 428 U.S. 543 (1976); United States v. Ludlow, 992 Fed.2d 260 (10th Cir.1993); and United States v. Sanders, 937 F.2d 1495 (10th Cir.1991).
 
 2. Backpack
 
 10
 A backpack was found in the vehicle Ms. Villa was driving when she stopped at the checkpoint near Radium Springs. Its contents were inventoried and then the backpack, and its contents, were returned to Ms. Villa's representative. At trial in the government's case-in-chief only brief mention was made of the backpack. However, when Ms. Villa testified she identified the backpack and some of its contents, including a toothbrush, bathing suit, driver's license, a nightgown and condoms. The backpack, and its contents, were offered as defendant's Exhibit No. 4 and were eventually received without objection, counsel for the government indicating that he would address the matter through a rebuttal witness. On rebuttal, a government witness testified that she inventoried the contents of the backpack and returned the backpack, and its contents, to Ms. Villa's representative. She stated that she did not find a toothbrush or condoms in the backpack which she had inventoried.
 
 
 11
 After the instructions were read the jury, and counsel had made their closing argument, the jury commenced its deliberations. Counsel and the court then considered, out of the presence of the jury, just what exhibits should be given the jury to be considered during its deliberations. Controversy arose as to just what items allegedly in the backpack had been sufficiently identified by Ms. Villa. The record is unclear, but the objection by the government apparently centered on lipstick and whether Ms. Villa had testified that it was in her backpack when she was at the checkpoint. In any event, it would appear that the backpack and some, though not all, of its contents were sent to the jury.
 
 
 12
 From the record before us we cannot tell with certainty just what items allegedly in the backpack at the time of the checkpoint stop were given the jury. In any event, we find no reversible error in this ruling of the district court. As indicated, Ms. Villa's basic defense was that she did not know that there was any marijuana hidden in the car that she was driving to Albuquerque, and that she was driving to Albuquerque because she had business of her own to conduct there and was also hopeful of a romantic episode with Hugo, whose last name she did not remember. Whether or not there was lipstick in the backpack when Ms. Villa stopped at the checkpoint is to us de minimis.
 
 3. Allen Instruction
 
 13
 After the jury had deliberated for about an hour and a half, the foreman sent the judge a note indicating that the jurors were unable to arrive at a verdict. The district judge then gave the jury a so-called Allen instruction. See Allen v. United States, 164 U.S. 492 (1896). Defense counsel objected to the giving of an Allen instruction, though if one was going to be given, he had no objection to its contents. About an hour and a half later, the jury returned a verdict of guilty as charged.
 
 
 14
 On appeal, counsel argues that the district court erred in giving the Allen instruction. We disagree. We deem the instruction given to be "neutral" and no more prejudicial to the defendant than to the government. In support of our conclusion, see United States v. Rodriguez Mejia, 20 F.3d 1090 (10th Cir.1994).
 
 4. Deliberate Ignorance Instruction
 
 15
 The district court gave the jury an instruction on "deliberate ignorance." At trial, counsel made no objection to the instruction, but argues on appeal that the evidence did not justify the giving of such an instruction and that such constitutes plain error. We disagree. In this regard, the evidence at trial indicated, inter alia, that Ms. Villa had told the border patrol agents that she was to be paid $500 to get the vehicle past the checkpoint, which Ms. Villa, in her trial testimony, denied. In our view, the facts and circumstances, considered in their totality, justified an instruction on deliberate ignorance. See United States v. Manriquez Arbizo, 833 F.2d 244, 248-50 (10th Cir.1987).
 
 5. Cumulative Error
 
 16
 The final argument on appeal is that even if none of the above four grounds amount to reversible error in itself, the cumulative effect thereof compels reversal. We disagree with this reasoning. Zero plus zero equals zero, and four zeros added together still equal zero. United States v. Rivera, 900 F.2d 1462, 1471 (10th Cir.1990) ("a cumulative-error analysis should evaluate only the effect of matters determined to be error, not cumulative effect of non-errors.")
 
 
 17
 Judgment affirmed.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470