48 F.3d 1233
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Robert R. STOKES, Defendant-Appellant.
 No. 93-5215.
 United States Court of Appeals, Tenth Circuit.
 March 14, 1995.
 
 ORDER AND JUDGMENT[1]
 Before MOORE, BARRETT and EBEL, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Robert R. Stokes (Stokes), having been granted leave to proceed in forma pauperis, appeals from the district court's September 30, 1993, judgment entered pursuant to a jury verdict finding him guilty.
 
 
 3
 On April 7, 1993, Stokes was indicted on twenty counts of mail fraud, in violation of 18 U.S.C. 1341. The indictment was based on twenty insurance claims Stokes presented to Blue Cross/Blue Shield of Oklahoma between April, 1988, and August, 1989, seeking reimbursement for prescription drugs. It was stipulated that he used the United States mails to submit the allegedly fraudulent claims. A jury trial was conducted July 26-28, 1993.
 
 
 4
 After eight hours of deliberations and in response to a note from the jury[2] indicating it could not reach a verdict on two of the counts, the court gave the jury a supplemental Allen[3] instruction. The court stated:
 
 
 5
 Ladies and gentlemen of the jury, in response to the note that I have received from the jury, I'm going to give you a supplemental instruction. I'm going to ask that you continue deliberations in an effort to agree on a verdict and dispose of the case. I have a few additional comments that I would like for you to consider as you do so, and this will also answer your specific question.
 
 
 6
 This is a an important case. The trial has been expensive in time, effort and money to both the defense and to the prosecution. If you should fail to agree on a verdict, the case is left open and may be tried again. Obviously another trial would only serve to increase the cost to both sides, and there is no reason to believe that the case can be tried again by either side better or more exhaustively than it has been tried before you. Any further [sic] jury must be selected in the same manner and from the same source as you were chosen, and there is no reason to believe that the case could ever be submitted to twelve men and women more conscientious, more impartial, more competent to decide it or more or clearer evidence could be presented or produced.
 
 
 7
 If a substantial majority of your number are for a conviction, each dissenting juror ought to consider whether a doubt in his or her own mind is a reasonable one since it appears to make no effective impression upon the minds of the others. On the other hand, if a majority, or even a lesser number of you, are for acquittal, the other jurors ought seriously to ask themselves, again most thoughtfully, whether they do not have a reason to doubt the correctness of a judgment which is not shared by several of their fellow jurors and whether they should distrust the weight and sufficiency of evidence which fails to convince several of their fellow jurors beyond a reasonable doubt.
 
 
 8
 Remember at all times that no juror is expected to yield a conscientious conviction he or she may have as to the weight or effect of the evidence, but remember also that after full deliberation and consideration of the evidence in the case it is your duty to agree upon a verdict if you can do so without surrendering your conscientious conviction. You must also remember that if the evidence in the case fails to establish guilt beyond a reasonable doubt, the accused should have your unanimous verdict of not guilty. Further--and this goes specifically to the question asked--if you should arrive at a unanimous verdict as to one or more of the counts but less than all of the counts, you may advise your bailiff, and the Court will take your partial verdict.
 
 
 9
 (Appellant's Opening Brief, Attachment "B" at 309-11).
 
 
 10
 Both before and after the Allen instruction, the court expressly asked if either side objected and both sides stated they had no objections. Id. Forty-three minutes later, the jury unanimously found Stokes guilty of all twenty counts of mail fraud.
 
 
 11
 On September 24, 1993, the district court sentenced Stokes to four years of probation with six months of electronically monitored home detention, ordered him to pay a special assessment of $ 1,000, ordered him to pay $ 2,191.70 in restitution, and fined him $ 2,000. The court determined that Stokes did not have the ability to pay interest and, accordingly, waived all interest requirements.
 
 
 12
 On appeal, Stokes contends that (1) the district court "misapplied U.S.S.G. 5E1.2 by imposing a fine without consideration of the collateral consequences of [his] conviction," and (2) he was "denied his fundamental right to a fair and impartial trial by jury when the district court gave a coercive Allen instruction after the jury indicated it was unable to return verdicts on all the counts." (Appellant's Opening Brief at 1).
 
 I.
 
 13
 We review legal conclusions with respect to the sentencing guidelines de novo. United States v. Kirk, 894 F.2d 1162, 1163 (10th Cir.1990).
 
 
 14
 Stokes argues that the district court misapplied U.S.S.G. 5E1.2 when it imposed a $ 2,000 fine on him without considering the collateral consequences of his conviction, i.e., the effect of his conviction on his retirement benefits in violation of 5E1.2(d)(5).
 
 
 15
 Section 5E1.2 mandates a fine "except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." U.S.S.G 5E1.2(a). It also provides that "[i]n determining the amount of the fine, the court shall consider: ... any collateral consequences of conviction, including civil obligations arising from the defendant's conduct." U.S.S.G. 5E1.2(d)(5).
 
 
 16
 Section 5E1.2 sets forth no requirement that the sentencing court make specific findings addressing the enumerated considerations. United States v. Nez, 945 F.2d 341, 343 (10th Cir.1991). This section simply requires that the sentencing court consider the "collateral consequences" of Stokes' conviction. Both the prosecution and Stokes' defense counsel raised the issue that Stokes' retirement benefits were uncertain in light of his conviction. However, neither side presented any evidence concerning the matter. They simply speculated and conjectured that Stokes would lose his retirement benefits once the State of Oklahoma learned of his conviction. (Appellant's Supplemental Appendix Vol. VII at 14-23). If Stokes possessed facts showing either an inability to pay or the imposition of an undue burden, he failed to reveal them to the sentencing court.
 
 
 17
 When the necessary facts are in the record and when the imposition of a minimum fine is not properly challenged, we will not assume the sentencing court failed to consider the factors enunciated in 5E1.2(d). Therefore, we conclude that the district court did not err in applying 5E1.2.
 
 II.
 
 18
 Stokes argues that the supplemental Allen instruction was impermissibly coercive. He acknowledges that his trial counsel did not object to the instruction. (Appellant's Opening Brief at 12).
 
 
 19
 In a criminal case, "where ... no objection was made to the giving of a jury instruction or its content, we are concerned only with whether the giving of the instruction constituted 'plain error.' " United States v. Uresti-Hernandez, 968 F.2d 1042, 1046 (10th Cir.1992); Fed.R.Crim.P. 52(b). Plain error is error that affects the defendant's fundamental rights to a fair and impartial jury trial. Uresti-Hernandez, 968 F.2d at 1046 (citations omitted).
 
 
 20
 We have traditionally urged caution in the use of the Allen instruction. United States v. Butler, 904 F.2d 1482, 1488 (10th Cir.1990). "The preferred rule of procedure is to give the Allen instruction at the same time as other instructions; however, this is not a per se rule." United States v. Rodriguez-Mejia, 20 F.3d 1090, 1091 (10th Cir.) (citations omitted), cert. denied, ___ U.S. ___ (1994). We review whether an Allen instruction was erroneously given on a case-by-case basis with a view towards determining whether the instruction had a coercive effect on the jury. Id.
 
 
 21
 We conclude that neither the wording nor the timing of the district court's Allen instruction was coercive. In Butler[4], we upheld a virtually identical Allen instruction under very similar circumstances. 904 F.2d at 1487-88. After nine hours of deliberation, the jury in Butler sent a note to the court stating that they could not reach a verdict. The court administered a supplemental Allen instruction that was virtually identical to the one at issue. See Id. Two hours later the jury returned a verdict of guilty and presented a note to the court thanking the court for its "further instructions and comments, without which we would have failed." Id. at 1488.
 
 
 22
 Having assessed the circumstances of this case, and because we cannot distinguish them from those present in Butler, we conclude that the Allen instruction was not coercive. Both here as in Butler, the court gave the Allen instruction only after the jury indicated it was unable to reach a verdict. In both cases the court gave a full Allen instruction, stating that although no juror should yield any conscientious objection, each dissenting juror should consider whether his or her doubts were reasonable.
 
 
 23
 We hold that the district court did not commit plain error by giving the supplemental Allen instruction.
 
 
 24
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The jury's note read: "Must the jury come to agreement on all 20 counts? May two counts remain unresolved?" (Appellant's Opening Brief at 17 n. 9)
 
 
 [3]
 Allen v. United States, 164 U.S. 492 (1896)
 
 
 [4]
 The Butler court relied on United States v. McKinney, 822 F.2d 946, 950 (10th Cir.1987), where after a fourteen hour deliberation the court administered a supplemental Allen instruction which resulted in a jury verdict of guilty one hour and twenty minutes later on the remaining twenty-nine counts