**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 26 2004**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

RONALD C. BRUNS,

        Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE,

        Respondent-Appellee.

No. 03-9002
(T.C. No. 11356-01)

ORDER AND JUDGMENT  *

Before **KELLY** , Circuit Judge,  **BRORBY** , Senior Circuit Judge, and  **BRISCOE** , Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.   *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

---

*    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Ronald C. Bruns, proceeding pro se, appeals the decision of the Tax Court upholding deficiencies and additions to tax for 1997 as determined by the Internal Revenue Service (IRS). We exercise jurisdiction under 26 U.S.C. § 7482(a)(1), and affirm.

Mr. Bruns filed the underlying action in the Tax Court challenging the amount of income imputed to him and asserting that he was entitled to personal deductions before calculating the tax. R. Vol. I, doc. 1, at 2. The government then sent interrogatories and a request for production of documents to Mr. Bruns seeking information about his 1997 income and expenses, but he declined to answer, invoking his Fifth Amendment privilege against self-incrimination. He claimed that the information sought pertaining to income and possession of documents could support a criminal prosecution against him for tax evasion. Therefore, according to Mr. Bruns, he could not be compelled to produce the information or documents requested.

The Tax Court eventually entered an order to compel discovery, but Mr. Bruns continued to refuse to comply. As a sanction, the Tax Court ruled that the matters covered by the discovery requests would be deemed admitted at trial. At trial, Mr. Bruns repeated his arguments that he could not be compelled to produce any evidence of his income for 1997. The Tax Court entered a judgment against Mr. Bruns for $8,404.00 in income tax, plus additions to the tax.

On appeal, Mr. Bruns renews his argument made to the Tax Court that he was entitled to invoke a blanket Fifth Amendment privilege against producing any information relevant to his income for 1997 because his answers and documents could support a criminal conviction or furnish a link in the chain of evidence needed to prosecute him for a federal crime. He also maintains that the Tax Court erred in imposing on him the initial burden of proving that the government's assessment was incorrect. [1]

We review the Tax Court's decisions "in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury." § 7482(a)(1). Legal questions are subject to a de novo review, while issues of fact are reviewed for clear error. *IHC Health Plans, Inc. v. Commissioner*, 325 F.3d 1188, 1193 (10th Cir. 2003). Because plaintiff is representing himself on appeal, his pleadings will be liberally construed. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

The Fifth Amendment privilege extends both to answers that would support a criminal prosecution and to those that "would furnish a link in a chain of evidence needed to prosecute the claimant for a federal crime." *Hoffman v. United States*, 341 U.S. 479, 486 (1951). The privilege applies, however, only

---

[1] Mr. Bruns does not challenge on appeal the additions to tax so we do not address them. *See State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 984 n.7 (10th Cir. 1994).

where the petitioner "has reasonable cause to apprehend danger from a direct answer. The witness is not exonerated from answering merely because he declares that in so doing he would incriminate himself–his say-so does not of itself establish the hazard of incrimination." *Id.* (citation omitted). Rather, "[t]he trial court is to evaluate the incriminatory potential of questions asked." *United States v. Jones*, 703 F.2d 473, 476 (10th Cir. 1983). The Fifth Amendment privilege "may not be itself used as a method of evading payment of lawful taxes." *United States v. Schmidt*, 816 F.2d 1477, 1482 (10th Cir. 1987) (quotation omitted).

Mr. Bruns maintains that answering the government's interrogatories and request for documents "could result in [his] admitting one or more elements" of income tax evasion or other crimes. Aplt. Br. at 8-9. As the Tax Court twice explained, Mr. Bruns has not shown that he faces a real hazard of criminal liability, so his mere assertion of a Fifth Amendment privilege is not a valid exercise of the privilege. R. Vol. II, doc. 34, at 9; *id.*, doc. 20, at 1. Mr. Bruns relies heavily on case law from other circuits, but "we are controlled by the law of this circuit," *United States v. Rodriguez-Mejia*, 20 F.3d 1090, 1092 n.2 (10th Cir. 1994), and are not bound by the decisions of other circuits, *Garcia ex rel. Garcia v. Miera*, 817 F.2d 650, 658 (10th Cir. 1987). Because Mr. Bruns has not made the showing required in this circuit, we conclude that the Tax Court properly

rejected his assertion of a "general and blanket privilege." *United States v. Clark*,

847 F.2d 1467, 1474 (10th Cir. 1988).

Mr. Bruns also claims that the Tax Court committed reversible error by placing the burden on him to prove that the IRS's determination of the taxes was not correct. On the contrary, "[t]he taxpayer carries the burden of proving the Commissioner's assessment is incorrect." *Anaya v. Commissioner*, 983 F.2d 186, 188 (10th Cir. 1993). Moreover, Mr. Bruns' income was established by the Tax Court's sanction that deemed admitted the matters covered by the discovery requests. [2] Furthermore, the government showed the income it imputed to Mr. Bruns by producing authenticated documents from two entities who paid funds to him in 1997. Accordingly, we affirm the assessment.

The judgment of the Tax Court is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

Wade Brorby
Senior Circuit Judge

---

[2] Mr. Bruns does not challenge the Tax Court's sanction except to say that his Fifth Amendment privilege should have precluded it.