**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 1 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RICHARD VALENCIANO,

Defendant-Appellant.

No. 02-2296
(D.C. No. CR-02-1104-BB)
(New Mexico)

**ORDER**

Before **SEYMOUR**, **LUCERO** and **O'BRIEN**, Circuit Judges.

Richard Valenciano was convicted of possession of a firearm by a former felon in violation of 18 U.S.C. § 922(g)(1) and § 924(e), and sentenced to 210 months incarceration. His counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and moved for leave to withdraw as counsel. We grant counsel's motion to withdraw and dismiss the appeal.

*Anders* holds that if counsel finds a case to be wholly frivolous after conscientious examination, he may so advise the court and request permission to withdraw. Counsel must also submit to both the court and his client a brief

referring to anything in the record arguably supportive of the appeal. The client may then raise any point he chooses, and the court thereafter must undertake a complete examination of all the proceedings and decide whether the appeal is in fact frivolous. If it so finds, it may grant counsel's request to withdraw and dismiss the appeal. *Id*. at 744. Pursuant to *Anders*, counsel provided Mr. Valenciano with a copy of his appellate brief. Mr. Valenciano responded by filing a *pro se* reply brief, in which he raised several issues.

Mr. Valenciano first contends the government failed to present sufficient evidence to sustain his conviction. We review *de novo* a sufficiency of the evidence challenge, *United States v. Hanzlicek*, 187 F.3d 1228, 1239 (10th Cir. 1999), and Mr. Valenciano is "faced with a high hurdle" to overcome, *United States v. Voss*, 82 F.3d 1521, 1524 (10th Cir. 1996). We must examine the evidence adduced at trial in the light most favorable to the government, determining only whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Hanzlicek*, 187 F.3d at 1239. We consider both direct and circumstantial evidence, as well as any reasonable inferences to be drawn from that evidence. *United States v. Davis*, 1 F.3d 1014, 1017 (10th Cir. 1993). In resolving a sufficiency challenge, we do not weigh conflicting evidence or consider the credibility of witnesses. *United States v. Pappert*, 112 F.3d 1073, 1077 (10th Cir. 1997). It is the jury's prerogative as fact

finder to resolve conflicting testimony, weigh the evidence, and draw inferences from the facts presented. *United States v. Nieto*, 60 F.3d 1464, 1469 (10th Cir. 1995). A review of the trial record under these standards establishes that the evidence set forth by the government was more than sufficient for a reasonable juror to find Mr. Valenciano guilty of being a felon in possession of a firearm.

Mr. Valenciano also argues the district court erred by refusing to give a clarifying instruction concerning the word "knowingly." At the close of the evidence, the district court informed the jury that in order to find Mr. Valenciano guilty, the jurors must be convinced beyond a reasonable doubt that he knowingly possessed a firearm. Rec., vol. IV at 86. The court instructed that "[t]he word 'knowingly,' as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident." *Id.* at 88. Mr. Valenciano failed to challenge the jury instructions at trial. *See id.*, vol. V at 2. He has therefore waived his right to do so absent a demonstration of plain error. *United States v. Allen*, 129 F.3d 1159, 1162 (10th Cir. 1997). "Plain error is that which is obvious, or which seriously affects the fairness or integrity of the trial." *United States v. Enjady*, 134 F.3d 1427, 1435 (10th Cir. 1998). The district court gave clear instructions regarding the government's burden of proof on the felon in possession charge, including a comprehensive definition of the term "knowingly." Mr. Valenciano has failed to

show how refusal to clarify the term "knowingly" constitutes error.

Mr. Valenciano next complains that he was denied his Sixth Amendment right to effective assistance of counsel. This court has repeatedly held that ineffective assistance claims must be brought in collateral proceedings, not on direct appeal. *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995). "Such claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed." *Id*.; *see also United States v. Coleman*, 9 F.3d 1480, 1487 (10th Cir. 1993). Mr. Valenciano has failed to show that his claim qualifies as one of those "rare instances" in which we should consider an ineffective counsel challenge on direct review. *Galloway*, 56 F.3d at 1240-41.

Mr. Valenciano also contends the *Allen* instruction given by the district court was unduly coercive.[1] But this court has previously approved *Allen* instructions containing similar language. *See, e.g., United States v. Reed*, 61 F.3d 803, 805 & n.5 (10th Cir. 1995); *United States v. Rodriguez-Mejia*, 20 F.3d 1090, 1091 (10th Cir. 1994). "The *Allen* charge [] given was evenhanded; it did not presume that the majority favored a guilty verdict; and it emphasized that no juror was expected to yield a conscientious conviction on the evidence." *Reed*, 61 F.3d at 805. We have no difficulty concluding that the wording of the *Allen* instruction

---

[1]Counsel argues, incorrectly, that no *Allen* charge was given. The district court did in fact issue one *Allen* charge to the jurors. *See* Rec., vol. IV at 104-07.

given by the district court was not impermissibly coercive.

Finally, Mr. Valenciano submits that he did not voluntarily waive his Fifth Amendment privilege against self-incrimination and that the district court erred in permitting self-incriminatory statements he made to a police officer to be used against him at trial. He bases his voluntariness challenge on (1) the fact that the interrogating officer, Gary Garcia, was his first cousin[2] and (2) that he had consumed a considerable amount of alcohol earlier in the evening.

We review *de novo* the ultimate issue of whether a statement was voluntary. *United States v. Nguyen*, 155 F.3d 1219, 1222 (10th Cir. 1998). "Waiver of one's Fifth Amendment privilege against self-incrimination requires that the individual 'voluntarily, knowingly and intelligently' waive his constitutional privilege." *United States v. Morris*, 287 F.3d 985, 988 (10th Cir.) (quoting *Miranda v. Arizona*, 384 U.S. 436, 444 (1966)), *cert. denied Morris v. United States*, 536 U.S. 933 (2002). This standard has two prongs.

> First, the relinquishment of the right must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception. Second, the waiver must have been made with a full awareness of both the nature of the

---

[2]Mr. Valenciano and Officer Garcia may have indeed been cousins. However, under cross-examination from Mr. Valenciano's trial attorney, Officer Garcia testified that he did not know Mr. Valenciano and had never met him prior to the evening in question. Rec., vol. IV at 74-75. Mr. Valenciano's trial attorney did not question the officer as to whether he was related to Mr. Valenciano.

right being abandoned and the consequences of the decision to abandon it. Only if the totality of the circumstances surrounding the interrogation reveal both an uncoerced choice and the requisite level of comprehension may a court properly conclude that the *Miranda* rights have been waived.

*Id*. (quoting *Colorado v. Spring*, 479 U.S. 564, 573 (1987)).

We conclude that Mr. Valenciano's statements were knowingly and voluntarily given. At trial, Mr. Valenciano testified that he did not recall speaking to police officers on the night in question due to his state of intoxication. But Officer Garcia testified that he advised Mr. Valenciano of his rights, Mr. Valenciano knowingly and voluntarily waived those rights, and Mr. Valenciano appeared lucid throughout the interrogation. *See* Rec., vol. IV at 71-74.[3] Accordingly, we reject Mr. Valenciano's challenge to the inclusion of his

---

[3] Officer Garcia's relevant direct testimony consisted of the following exchange:

> Q. Do you recall what time you spoke to Mr. Valenciano?
> A. I would say approximately between 1:00 in the morning and 2:00.
> Q. Could you tell if he had been drinking?
> A. Yes.
> Q. Did he seem to understand your questions?
> A. Yes, he did.
> Q. Did he slur his words in any way?
> A. No, he did not.
> Q. Was he aware of where he was at?
> A. Yes, sir.
>
> . . . .
>
> Q. Did you advise [Mr. Valenciano] of his constitutional rights?

inculpatory statements at trial.

After a careful review of the record, we conclude that Mr. Valenciano has no meritorious grounds for appeal. Accordingly, we **GRANT** counsel's request to withdraw and we **DISMISS** the appeal.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge

---

A. Yes, I did.
Q. Did he indicate that he understood his constitutional rights?
A. Yes.
Q. And did he agree to talk to you?
A. Yes.
Q. Did you ask him questions about where this firearm that was recovered from him came from?
A. Yes.
Q. And what did he tell you?
A. He tells me that he was trying to help a friend out and that he took the gun away from his friend but did not want to identify him.
Rec., vol. IV at 71-73.