UNITED STATES of America, Plaintiff–Appellee,

v.

Leonard NEZ, Sr., Defendant–Appellant.

No. 90–2105.

United States Court of Appeals, Tenth Circuit.

Sept. 19, 1991.

William L. Lutz, U.S. Atty., and Joe M. Romero, Jr., Asst. U.S. Atty., Albuquerque, N.M., on the brief, for plaintiff-appellee.

Teresa E. Storch, Asst. Federal Public Defender, Albuquerque, N.M., on the brief, for defendant-appellant.

Before ANDERSON, TACHA and BRORBY, Circuit Judges.

BRORBY, Circuit Judge.

Mr. Nez entered his plea of guilty to an information charging abusive sexual contact. The district court sentenced Mr. Nez to eighteen months imprisonment, which was within the undisputed Guideline Range, and imposed a fine of $3,000 to be paid within twenty-four months after Mr. Nez begins his period of supervised release. Mr. Nez appeals only the imposition of the fine, asserting he is unable to pay.

Mr. Nez pleaded guilty to abusive sexual contact with a ninety-two-year-old woman while within the Navajo Indian Reservation in violation of 18 U.S.C. §§ 1153 (federal jurisdiction) and 2244(a)(1). A presentence report was prepared and filed noting that the applicable fine ranged from a minimum of $3,000 to a maximum of $30,000.[1] The presentence report further noted Mr. Nez had no assets, had total debts of $2,065 and had a gross monthly income of $1,375. Mr. Nez, while challenging other information contained in the presentence report, did not challenge the fine range nor did he challenge the financial information. Mr. Nez made no mention of his ability or inability to pay a fine although he did allege he had "worked steadily at a well-paying job for the past sixteen years."

At the sentencing hearing defense counsel challenged several portions of the presentence report, which are not relevant to this issue. The district court struck certain information and indicated the remaining challenged information would be disregarded. As there were then no disputed facts, an evidentiary hearing was not held. Concerning the fine, the district court stated: "Further, it is ordered that defendant shall pay a fine in the amount of $3,000 to be paid within 21 months [2] after commencement of supervised release...."

Section 5E1.2 of the Guidelines mandates a fine "except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." Section 5E1.2(c)(3) establishes a minimum fine of $3,000 in this case.

Mr. Nez, despite offering no evidence concerning his inability to pay and despite making no objections to either the imposition of the fine or the amount of the fine to the sentencing court, now argues the sentencing court committed plain error by failing to make specific findings on the record to demonstrate it considered the factors set forth in § 5E1.2(d) prior to the imposition of the fine.[3]

---

1. Section 5E1.2(c)(3) of the Sentencing Guidelines sets forth the range of the fine. Under applicable statutes the maximum fine would be $250,000. *See* 18 U.S.C. § 3571(b)(3).

2. The judgment and sentence orders the fine to be paid within twenty-four months which we assume to be correct.

3. Section 5E1.2(d) reads:
   (d) In determining the amount of the fine, the court shall consider:
   (1) the need for the combined sentence to reflect the seriousness of the offense (including the harm or loss to the victim and the gain to the defendant), to promote respect for the law, to provide just punishment and to afford adequate deterrence;

Section 5E1.2 sets forth no requirement that the sentencing court make specific record findings addressing the enumerated considerations. This section merely requires the sentencing court to consider the various findings. The sentencing court had before it undisputed evidence touching upon all the relevant factors set forth in § 5E1.2(d). Mr. Nez now complains that he is either unable to pay or that the fine will place an undue burden upon him or his dependents. Mr. Nez had the burden of coming forward with this evidence at the sentencing hearing and failed to do so. Instead, Mr. Nez now complains that the sentencing court failed to make findings concerning undisputed and unchallenged facts. When the sentencing court has before it undisputed and unchallenged facts and has no indication that the imposition of the minimum fine as set forth in the presentence report may be inappropriate, it would be a "make work" exercise in futility to require the sentencing court to make explicit findings concerning the imposition of a sentence.

■ We therefore hold that a sentencing court's failure to make explicit findings in support of imposing a fine is not plain error where the sentencing court had before it undisputed and unchallenged facts necessary to the imposition of a substantial fine. *United States v. Harvey*, 885 F.2d 181 (4th Cir.1989); *United States v. Weir*, 861 F.2d 542, 545 (9th Cir.1988), *cert. denied*, 489 U.S. 1089, 109 S.Ct. 1555, 103 L.Ed.2d 858 (1989); *United States v. Condon*, 816 F.2d 434, 436 (8th Cir.1987). When the neces-

sary facts are in the record and when the imposition of a minimum fine is unchallenged, we will not assume the sentencing court failed to consider the factors enunciated in § 5E1.2(d).

■ The financial information before the sentencing court revealed Mr. Nez had a stable financial earnings history and had been able to work steadily at a well-paying job. Payment of $3,000 over a twenty-four-month period would amount to monthly payments of approximately $125. If Mr. Nez possessed facts showing either an inability to pay or the imposition of an undue burden, he should have revealed them to the sentencing court rather than raising such a position for the first time on appeal. The presentence report revealed the necessity of the imposition of a minimum fine of $3,000. This portion of the presentence report was unchallenged. The record on appeal contains ample facts justifying both the imposition of the fine and the amount of the fine.

The judgment and sentence of the district court is AFFIRMED.

(2) any evidence presented as to the defendant's ability to pay the fine (including the ability to pay over a period of time) in light of his earning capacity and financial resources;

(3) the burden that the fine places on the defendant and his dependents relative to alternative punishments;

(4) any restitution or reparation that the defendant has made or is obligated to make;

(5) any collateral consequences of conviction, including civil obligations arising from the defendant's conduct;

(6) whether the defendant previously has been fined for a similar offense; and

(7) any other pertinent equitable considerations.