68 F.3d 484
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Michael David WEBER, Defendant-Appellant.
 No. 95-5000.
 United States Court of Appeals, Tenth Circuit.
 Oct. 17, 1995.
 
 Before SEYMOUR, Chief Judge, McKAY and HENRY, Circuit Judges.
 ORDER AND JUDGMENT[1]
 McKAY, Circuit Judge.
 
 
 1
 The parties have agreed that this case may be submitted for decision on the briefs. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.2. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Appellant Michael David Weber pled guilty to knowingly possessing a firearm in violation of 18 U.S.C. 922(g) and 924(e)(1) after having been previously convicted of a crime punishable by imprisonment for a term exceeding one year. Following the Defendant's plea of guilty, a presentencing investigative report was prepared by a probation officer. The probation officer reported that the Defendant had no identifiable assets and did not have the ability to pay a fine or additional costs. The presentencing report also shows that the Defendant could have been fined a maximum of $250,000 under 18 U.S.C. 3571(b)(3), and that the U.S.S.G. 5E1.2(c)(3) provided a fine range of $15,000 to $150,000.
 
 
 3
 At sentencing, the Defendant argued against the imposition of a fine due to his lack of financial resources and indebtedness. The district court sentenced Mr. Weber to 188 months imprisonment and fined him $1000. In imposing the fine at the sentencing hearing, the court stated, "I will impose a minimal fine in this case of $1,000 payable over the term of imprisonment. Any amount not paid during that term shall be paid during term of supervised release which will be a period of three years." R. Vol. III, at 18-19. In its Judgment, the court stated:
 
 
 4
 The defendant shall pay a fine of $1,000. This fine shall be paid in full immediately. Any amount not paid immediately shall be paid while in custody through the Bureau of Prisons' Inmate Financial Responsibility Program. Upon release from custody, any unpaid balance shall be paid during the term of supervised release, as directed by the U.S. Probation Office.
 
 
 5
 R. Vol. I, No. 30 at 4.
 
 
 6
 On appeal, the Defendant asserts that the district court erred in assessing a fine of $1,000 without setting forth reasons for imposing the fine.
 
 
 7
 "We review the imposition of a fine under the Sentencing Guidelines for an abuse of discretion." United States v. Meuli, 8 F.3d 1481, 1487 (10th Cir.1993), cert. denied, 114 S.Ct. 1403 (1994). A district court's factual findings during sentencing will not be disturbed unless clearly erroneous. 18 U.S.C. 3742(e); United States v. Harris, 903 F.2d 770, 778 (10th Cir.1990).
 
 
 8
 The Sentencing Guidelines set forth when statutory fines may be imposed: "The Court shall impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." U.S.S.G. 5E1.2(a). Section 5E1.2(a) establishes the defendant's ability to pay as a factor which a court must consider, but it does not require the sentencing court to record specific findings in support of the imposition of a fine. See United States v. Nez, 945 F.2d 341, 343 (10th Cir.1991).
 
 
 9
 The presentencing report and the Defendant's counsel both notified the court of the Defendant's lack of financial resources and indebtedness. The record reflects the district court's consideration of the factors set forth in 5E1.2, and the minimal amount of the fine shows the court's sensitivity to the Defendant's ability to pay. The district court was not clearly erroneous in its consideration of the factors set forth under 5E1.2.
 
 
 10
 Additionally, the court determined that the Defendant could pay the $1,000 fine by earning money while working in prison industries, or while working during three years of supervised release.[2] The imposition of the $1,000 fine may be burdensome on the Defendant, but it was not an abuse of discretion.
 
 
 11
 The district court is AFFIRMED in its imposition of a monetary penalty on the Defendant.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 This court has recently noted, "On the average, a federal inmate can earn $1,000 per year working in prison industries." United States v. Williams, 996 F.2d 231, 234 (10th Cir.1993) (citing Administrative Office of the United States Courts, Bringing Criminal Debt into Balance: Improving Fine & Restitution Collection 17 (1992))