# UNITED STATES COURT OF APPEALS
## Tenth Circuit
## Byron White United States Courthouse
## 1823 Stout Street
## Denver, Colorado 80294
## (303) 844-3157

**Patrick J.  Fisher, Jr.**
**Clerk**

**Elisabeth A.Shumaker**
**Chief Deputy Clerk**

October 14, 1997


**TO:**   All recipients of the captioned opinion

**RE:**   97-6051, USA v. Medina-Rodriguez
          October 9, 1997


Please be advised of the following correction to the captioned decision:

On the caption page of the opinion, Chief Judge Seymour was incorrectly identified as Circuit Judge.

Please make the correction.

Very truly yours,

Patrick Fisher, Clerk



Susie Tidwell
Deputy Clerk

 F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**OCT 9 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

   Plaintiff-Appellee,

v.

MIGUEL MEDINA-RODRIGUEZ,

   Defendant-Appellant.

No. 97-6051
(W. District of Oklahoma)
(D.C. No. 96-CR-112)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, and **PORFILIO** and **MURPHY**, Circuit Judges.

Having examined the briefs and the appellate record, this panel determines unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Miguel Medina-Rodriguez pleaded guilty to illegally reentering the United States after deportation for a felony, in violation of 8 U.S.C. § 1326(a). Following a sentencing hearing, defendant was sentenced to an eighty-six-month term of imprisonment and three years of supervised release. The district court also imposed a $1000 fine.

Defendant first argues the trial court erred in imposing the $1000 fine. Defendant specifically asserts the trial court "did not give appropriate consideration to [his] specific circumstances" before assessing the fine, and erred in imposing the fine because defendant is "without funds to pay a fine and is not likely to become able to do so" in the future.

The Presentence Investigation Report (PSR) stated that the fine range for defendant's offense was from $7000 to $70,000, pursuant to U.S.S.G. § 5E1.2(c)(3). The PSR also listed defendant's work history, and stated that "[b]ased on the defendant's work history, age, and health, it appears that he has the ability to pay a fine." Defendant objected to this before sentencing by asserting that "[t]he defendant is incapable of paying a fine." At the sentencing hearing, defendant's counsel again objected to the PSR statement that defendant was able to pay a fine. Defendant's counsel stated that because defendant would "probably . . . be subject to deportation" following his imprisonment, he would not have the ability to pay a fine. Defense counsel further stated that defendant

> has the means and he has had means within the last two years of working. But that probably is not a reality. But things could change as far as him staying here. But I don't believe he is really going to be able to pay a fine. . . . Maybe I was being circuitous in addressing that, Judge. He is not capable of paying a fine. I guess it boils down to that.

The district court then stated: "Very well. The Court need not make a record on that because it is really not an objection." Counsel responded: "I understand. You are right, Judge." At the sentencing hearing, defendant's counsel also informed the court that were defendant to be deported, his sister in Mexico City could offer him employment driving a taxicab, and defendant would therefore "be able to support his family until and if he could re-enter this Country legally."

The district court's decision to impose a fine is reviewed under an abuse of discretion standard. *See United States v. Meuli*, 8 F.3d 1481, 1487 (10th Cir. 1993). The Sentencing Guidelines require courts to impose fines "in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." U.S.S.G. § 5E1.2(a). Section 5E1.2(d) of the Guidelines sets forth factors for a district court to consider before imposing a fine. These factors include "any evidence presented as to the defendant's ability to pay the fine . . . in light of his earning capacity and financial resources," and "any collateral consequences of conviction." U.S.S.G. § 5E1.2(d)(2), (5). The Guidelines do not, however, require the court to specifically record findings

addressing each factor. *See United States v. Nez*, 945 F.2d 341, 343 (10th Cir. 1991). Instead, "satisfactory compliance with § 5E1.2 merely requires that the record reflect the district court's consideration of the pertinent factors prior to imposing the fine." *United States v. Washington-Williams*, 945 F.2d 325, 328 (10th Cir. 1991).

It is the defendant's burden to prove his inability to pay the fine. *See United States v. Klein*, 93 F.3d 698, 705 (10th Cir.), *cert. denied* 117 S. Ct. 624 (1996). Both before sentencing and at the sentencing hearing, defendant failed to produce any evidence of his inability to pay a fine. Instead, defendant merely claimed that he was presently unable to pay, and argued at sentencing that he would be unable to do so in the future due to his probable deportation. Defendant did not object to those portions of the PSR establishing his ability to work and earn income. In addition, defendant's counsel indicated at the sentencing hearing that should he be deported, defendant had a sister who could provide him with employment.

After hearing argument on the pertinent factors listed under § 5E1.2(d), the district court imposed a fine that was well below the minimum amount authorized for defendant's offense level under § 5E1.2(c)(3). Given defendant's failure to present any evidence to support his claim that he was unable to pay the fine, and given the evidence of defendant's prior work history and earning capacity in the

PSR, we conclude the district court did not abuse its discretion in imposing the $1000 fine.

Defendant next asserts the district court erred when it did not exercise its discretion to grant a downward departure based on U.S.S.G. § 5H1.6, "family ties and responsibilities."

Defendant did not file a written motion for downward departure prior to sentencing. At the sentencing hearing, defendant orally moved for a downward departure, but defense counsel did not state the specific grounds for departure. Defense counsel stated that defendant was

> a changed man. He came back here knowingly, but he had family obligations, economic obligations and he decided this time back in the United States he was really going to support them. I have testimony regarding that as well as from Mr. Medina-Rodriguez, as well as what you have in front of you in the Presentence Report about his history of employment in the last two or three years.

Defense counsel then proceeded to elicit testimony about both defendant's family circumstances and his work history. He then again urged the court to allow a downward departure, without specifying the grounds or citing a specific section of the Sentencing Guidelines.

In response to defendant's motion, the prosecutor noted that defendant had not filed a motion for downward departure, but that

> when you look at Section 5H1.6 of the Sentencing Guidelines, it seems like most of the testimony that has

been presented today deals with family ties and obligations. That particular guideline deals specifically with family ties and obligations and essentially says that family ties and obligations generally shouldn't be considered for the purpose of a downward departure. It says generally, of course.

The prosecutor then argued that there were no unusual circumstances in this case to warrant departure on these grounds. In response, defense counsel also referred to § 5H1.6, stating that the district court had discretionary authority to permit downward departure on those grounds. Defense counsel further cited § 5H1.5, "employment record," and again stressed the court's discretionary authority to depart under this section.

The district court denied defendant's motion for downward departure. After sentencing, the district court issued findings, which included the following: "The Court also overruled the defendant's oral motion for a downward departure pursuant to USSG § 5H1.5, finding that there were no unusual circumstances in this case to warrant a sentence outside the guideline range."

Defendant argues the district court erroneously decided not to depart "based upon the perception that [his] motion for downward departure was based on § 5H1.5 Employment Record," rather than U.S.S.G. § 5H1.6. He further asserts that it is unclear from the district court's ruling whether the court recognized it had authority to depart pursuant to the "family ties and responsibilities" guideline.

This court has jurisdiction to review a district court's refusal to depart downward only when "the district court refused to depart because it erroneously interpreted the Guidelines as depriving it of the power to depart based on the proffered circumstances." *United States v. Barrera-Barron*, 996 F.2d 244, 245 (10th Cir. 1993). Further, because "'the district courts have become more experienced in applying the Guidelines and more familiar with their power to make discretionary departure decisions under the Guidelines,'" we will not "assume that a judge's ambiguous language means that the judge erroneously concluded that he or she lacked authority to downward depart." *United States v. Rodriguez*, 30 F.3d 1318, 1319 (10th Cir. 1994) (quoting *Barrera-Barron*, 996 F.2d at 246). Instead, "unless the judge's language unambiguously states that the judge does not believe [the judge] has authority to downward depart, we will not review [the judge's] decision." *Id.*

The record of the sentencing hearing does not contain a clear statement on the part of the district court indicating that it erroneously thought it was without power to depart downward based on family circumstances. Instead, the record indicates the district court was clearly notified by both the prosecutor and defense counsel that it had discretionary authority to depart based on family circumstances. The district court's failure to expressly rule based on U.S.S.G. § 5H1.6 or to mention the court's discretion to depart downward on this basis "does

not imply a lack of understanding of that discretion." *United States v. Rowen*, 73 F.3d 1061, 1063 (10th Cir. 1996); *see also United States v. Belt*, 89 F.3d 710, 715 (10th Cir. 1996). Moreover, any ambiguity in the district court's ruling arises from the fact that defense counsel failed to specify the grounds for his motion for downward departure, and then presented testimony relevant to both defendant's family circumstances and employment record. Accordingly, this court lacks jurisdiction to consider this allegation of error.

The judgment of the United States District Court for the Western District of Oklahoma is **AFFIRMED.**

ENTERED FOR THE COURT:


Michael R. Murphy
Circuit Judge

-8-