**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 3 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

DWAINE EVANS, SR.,

     Defendant-Appellant.

No. 98-3274
(D.C. No. 97-40034-01-RDR)
(District of Kansas)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **KELLY**, and **LUCERO**, Circuit Judges.

A jury found Dwaine Evans, Sr. guilty of attempted simple possession of cocaine. The district court sentenced Evans, Sr. to six months imprisonment and a fine of $10,000, and denied his motion to reconsider the sentence. Evans, Sr. appeals, and we affirm.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

## BACKGROUND

Prior to December of 1996, law enforcement officers in Topeka, Kansas, conducted an investigation of the drug trafficking activities of Dwaine Evans, Jr., son of Dwaine Evans, Sr., Appellant. The officers had no information that Evans, Sr. was involved in any illegal activity.

On December 10, 1997, relying on an informant, officers told a manager of a FedEx office in Topeka to look out for packages from California addressed to Dwaine Evans at Superior Auto Body Shop. The following day, the manager informed the officers that such a package, addressed to "Dwaine Evans," had arrived. The officers subjected the package to a canine sniff, and the dog alerted the package.

While the sniff was taking place, a second package with the same return address was found. This one was being sent to Yvonne Crawford at a residential address. The package also was subjected to a canine sniff, and the dog again alerted.

The first package was delivered to the body shop by an officer posing as a FedEx driver. Evans, Jr., signed for the package. Other officers then entered the building and found the package underneath the floor mat of a car being repaired. Evans, Jr., admitted that he placed the package there and that the cocaine inside was his.

Officers went to the residence addressed in the second package but did not deliver the package.[1] The home was occupied by Yvonne Crawford and her daughter Cathy Williams ("Williams"). It was searched, and marijuana and drug paraphernalia were found. The officers told Crawford and Williams that a large quantity of cocaine destined for their residence had been intercepted.

The women agreed to make taped phone calls to Evans, Sr. Crawford called on December 12 and told Evans, Sr. to come get the package. However, Evans, Sr. told her the package was not his. Later in the day, Williams called Evans, Sr., who told her that he would explain later what was going on, and that he had done nothing wrong. Both women later testified at trial that packages had been coming to their residence for Evans, Sr., which either Evans, Sr. or his son picked up.

Meanwhile, Evans, Sr. called Lavonne Williams ("Lavonne"), daughter of Cathy Williams, and apparently granddaughter of Evans, Sr. Evans, Sr. told Lavonne to go to the residence, retrieve a package that had been delivered there, and destroy it by putting baking soda or sugar in the package or flushing it down the toilet. Later in the day, Evans, Sr. called Lavonne and asked if she had destroyed the package. He told her he would "take care of" her when she fixed

---

[1]The address on the package was incorrect, but the officers determined the correct address and went there.

her car.  Evans, Sr. testified at trial that he suspected the package contained drugs, based on the fact that a similar package was seized at his business, and he determined to make sure the package was destroyed in order to protect his son.

Evans, Sr. was indicted along with his son in a two-count indictment for attempted possession with intent to distribute cocaine, in violation of 21 U.S.C. § 846 (attempt), with reference to 21 U.S.C. § 841(a) (possession with intent to distribute), and 18 U.S.C. § 2 (principals).  Evans, Sr. went to trial, and was convicted of the lesser-included offense of attempted simple possession of cocaine.  See 21 U.S.C. § 844 (simple possession).  The district court sentenced Evans, Sr. to six month's imprisonment and a fine of $10,000.  Evans, Sr. filed a motion for reconsideration of the sentence, which the district court denied.  Evans, Sr. appeals, arguing that the $10,000 fine was excessive, that the evidence did not support the verdict, and that his motion to suppress should have been granted.  We address the arguments in turn.

## I.

Appellant essentially argues that the district court abused its discretion in fining him $10,000 because (1) there was "nothing in the record indicating what the district court reviewed in determining that such a fine was appropriate"; and (2) the fine was inappropriate and unduly burdensome because of the net monthly

income of his household, which he claims is $3,264, and because of other financial circumstances. We disagree.

We review the district court's imposition of a fine within the range set by the Sentencing Guidelines for abuse of discretion. See United States v. Wittgenstein, 163 F.3d 1164, 1173 (10th Cir. 1998), cert. denied, 119 S. Ct. 2355 (1999). We accept the district court's factual findings relating to defendant's ability to pay unless clearly erroneous. See id. The defendant has the burden to prove his inability to pay. See United States v. Klein, 93 F.3d at 698, 705 (10th Cir. 1996).

The Guidelines provide that the sentencing court "shall impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." U.S.S.G. § 5E1.2(a). The Guidelines set forth the following factors the court should consider in determining a fine:

(1)    the need for the combined sentence to reflect the seriousness of the offense (including the harm or loss to the victim and the gain to the defendant), to promote respect for the law, to provide just punishment and to afford adequate deterrence;

(2)    any evidence presented as to the defendant's ability to pay the fine (including the ability to pay over a period of time) in light of his earning capacity and financial resources;

(3)    the burden that the fine places on the defendant and his dependents relative to alternative punishments;

(4) any restitution or reparation that the defendant has made
or is obligated to make;

(5) any collateral consequences of conviction, including
civil obligations arising from the defendant's conduct;

(6) whether the defendant previously has been fined for a
similar offense;

(7) the expected costs to the government of any term of probation,
or term of imprisonment and term of supervised release
imposed; and

(8) any other pertinent equitable considerations.

The amount of the fine should always be sufficient to ensure that the
fine, taken together with other sanctions imposed, is punitive.

U.S.S.G. § 5E1.2(d) (emphasis added). This section does not require the court to

make specific factual findings addressing the enumerated considerations. See

United States v. Nez, 945 F.2d 341, 343 (10th Cir. 1991).

We believe the fine was thoroughly justified by the magnitude of the

offense. The two FedEx packages of cocaine contained a street value of a quarter

of a million dollars. While the package delivered to the body shop contained

1979.36 grams of cocaine, the package addressed to the Crawford residence

contained 988.77 grams of cocaine and 3.67 grams of crack. Given the quantity

and value of the drugs in the second package, which Evans, Sr. was convicted of

attempting to possess, we do not believe the $10,000 fine was an abuse of

discretion. The fine, after all, should "reflect the seriousness of the offense," and

in the end should "be sufficient to ensure that the fine, taken together with other sanctions imposed, is punitive." U.S.S.G. § 5E1.2(d). As for Evans, Sr.'s ability to pay, that was only one of many factors the district needed to consider, and in any event the district court "examined all the financial data supplied by the defendant" and conducted a "complete review of that material." The court found that Evans, Sr. did not meet his burden of proving his inability to pay, and his arguments on appeal do not convince us otherwise. Thus, we affirm the $10,000 fine.

## II.

Next, Evans, Sr. argues that the evidence was insufficient to support the jury verdict of attempted simple possession of cocaine, because he "did not know what he was doing was illegal, nor did he have any intent to violate the law." Rather, Evans, Sr. argues he only was trying to protect his son by attempting to gain possession of the package to destroy its contents.

"[I]n reviewing the sufficiency of the evidence to support a jury verdict, this court must review the record de novo and ask only whether, taking the evidence—both direct and circumstantial, together with the reasonable inferences to be drawn therefrom—in the light most favorable to the government, a reasonable jury could find the defendant guilty beyond a reasonable doubt."

United States v. Voss, 82 F.3d 1521, 1524-25 (10th Cir. 1996) (quotations omitted). "This review should be independent of the jury's determination that evidence on another count was insufficient." United States v. Powell, 469 U.S. 57, 67 (1984).

We believe there was sufficient evidence to support the verdict. Title 21 U.S.C. § 844 provides that "[i]t shall be unlawful for any person knowingly or intentionally to possess a controlled substance unless such substance was obtained directly, or pursuant to a valid prescription or order, from a practitioner, while acting in the course of his professional practice, or except as otherwise authorized . . . ." (emphasis added). From the statute, it is apparent that the elements of simple possession are "'(1) the knowing possession (2) of a controlled substance.'" United States v. Stone, 139 F.3d 822, 834 (11th Cir. 1998) (quoting United States v. Krout, 66 F.3d 1420, 1431 (5th Cir. 1995)).

The evidence amply supports the finding that Evans, Sr. knew he was attempting to possess a controlled substance. Yvonne Crawford testified that she previously had received between four and five packages on behalf of Evans, Sr.; that he paid her $50 every time and told her that "'it was nothing illegal.'" She further testified that either Evans, Sr., Evans, Jr. or both would pick up the packages. At trial, appellant testified that he suspected the package sent to the residence contained illegal drugs, based on the contents of the packaged seized at

his place of business. His granddaughter Lavonne testified that he told her to pick up the package and destroy it by mixing it with baking soda or sugar or flushing it down the toilet, and he testified that he offered to take care of her when she got her car fixed. Moreover, Evans, Sr. agreed during cross-examination that he was "going to exercise enough control over that package to make sure that it was destroyed." Taken in the light most favorable to the government, the evidence squarely refutes Evans, Sr.'s argument that the jury lacked sufficient evidence of the "knowing" element.

Therefore, we affirm the jury's verdict.

### III.

Finally, Evans, Sr. appeals the denial of his motion to suppress all items seized at his body shop on December 11, 1996. Evans, Sr. contends that the FedEx packages—the first of which was delivered to the body shop and seized on December 11—were illegally seized at the FedEx office by the FedEx manager, who detained the package and who, Evans, Sr. asserts, was acting as an agent of the police. Evans, Sr. also argues that the subsequent sniffing by the drug dog did not provide probable cause to support the search warrant for the packages. Although unclear from his brief, Evans, Sr. apparently posits that the allegedly illegal seizure of the packages at the FedEx office began the chain of events

which culminated in the searches of his place of business, and therefore that the items seized from those searches should be suppressed. We do not find these arguments persuasive.

"When reviewing a district court's denial of a motion to suppress, we consider the evidence in the light most favorable to the government, and accept the court's findings of fact unless they are clearly erroneous." See United States v. Vazquez-Pulido, 155 F.3d 1213, 1216 (10th Cir. 1998) (quotations omitted)), cert. denied, 119 S. Ct. 437 (1998). However, "[t]he ultimate determination of reasonableness under the Fourth Amendment is . . . a conclusion of law that we review de novo." Id. (quotations omitted).

First, assuming arguendo that the FedEx manager was acting as an agent of the government in detaining the first FedEx package, see United States v. Smythe, 84 F.3d 1240, 1242-43 (10th Cir. 1996), there was clearly reasonable suspicion for the temporary detainment, such that no Fourth Amendment right was invaded thereby. Cf. United States v. Lux, 905 F.2d 1379, 1382 (10th Cir. 1990) ("A temporary detention of mail for investigative purposes is not an unreasonable seizure when authorities have reasonable suspicion of criminal activity." (citing United States v. Van Leeuwen, 397 U.S. 249 (1970)). A reliable confidential informant tipped off the government that Evans, Jr. trafficked in cocaine, and with a detailed explanation, informed the government that Evans, Jr. was

expecting to "re-up" with a FedEx package to be shipped to the body shop from his cocaine source in California. The officers visited the FedEx office on December 10 to inform the manager to look out for such a package, and the following day the first package arrived matching the description provided by the confidential informant. These facts presented reasonable suspicion for a temporary detainment of the package for further investigation. Additionally, the thirty-minute detention for a canine sniff in this case was not excessive and did not amount to an unreasonable seizure. See Van Leeuwen, 397 U.S. at 1032 (detention of package for 29 hours was not excessive); Lux, 905 F.2d at 1381-82 (one-and-a-half day detention was not unreasonable seizure). As for the second package, the fact that it arrived on the same day and had the same Californian return address as the first package, and that it was discovered after the canine alert on the first package, provided reasonable suspicion for its temporary detainment for a canine sniff.

Second, the canine alert on the packages provided probable cause to support the warrant authorizing their search. The canine had a 98.7% reliability rate with a total of 1,046 sniffs, and the record does not reveal any impropriety in the manner in which the sniff was conducted. Under our case law, this alert established probable cause. See United States v. Scarborough, 128 F.3d 1373, 1378 (10th Cir. 1997) (stating that "a drug sniffing dog's detection of contraband

- 11 -

in itself establishes probable cause for a search warrant," and finding alert of canine with 92% reliability supported finding of probable cause).

Accordingly, we affirm the district court's denial of Evans, Sr.'s suppression motion.

**CONCLUSION**

The $10,000 fine, the jury verdict, and the denial of the motion to suppress are AFFIRMED.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge