**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 15 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

vs.

JODY RAY ALVEY,

      Defendant - Appellant.

No. 98-6385
(D.C. No. CR-97-84-A)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **KELLY**, and **BRISCOE**, Circuit Judges.[**]

---

Defendant-appellant, Jody Ray Alvey, pled guilty to distribution of cocaine, 21 U.S.C. § 841(a)(1), and money laundering, 18 U.S.C. §§ 1956(a)(1)(A)(i), and was sentenced to 120 months on each count to be served concurrently, and was fined $20,000 and $5,000 on the respective counts. On appeal, Mr. Alvey asserts that the district court did not adequately consider all the relevant statutory factors

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

in assessing the fines, and therefore the fines imposed are excessive and not supported by the evidence. Our jurisdiction arises under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). Because Mr. Alvey failed to object to the imposition of the fines at sentencing, we review the record for plain error. See United States v. Boos, Nos. 97-6329, 97-6330, 1999 WL 12741, at *5 (10th Cir. Jan. 14, 1999) (citing United States v. Herndon, 982 F.2d 1411, 1419 (10th Cir. 1992)).

Mr. Alvey claims that the district court erred by not considering the factors enumerated in 18 U.S.C. §§ 3553(a) & 3572(a), and USSG § 5E1.2(d) in imposing a fine. However, where a district court has before it unchallenged and uncontroverted information relevant to the imposition of a fine and has no indication that a fine may be inappropriate, it is presumed that all of the relevant sentencing factors are considered. See United States v. Nez, 945 F.2d 341, 343 (10th Cir. 1991). In these circumstances, a district court's failure to make findings is not plain error. See id.

Likewise, Mr. Alvey's claim that the fine is excessive is not plain error. The presentence report contains facts that could suggest an ability to pay; specifically statements regarding Mr. Alvey's claimed income, and the presence of large sums of cash on his person. 2 R. at 15, ¶¶ 76 & 79. No objection was made to this part of the presentence report. Mr. Alvey now objects on the grounds that the fine was based upon unreliable hearsay, see United States v.

Browning, 61 F.3d 752, 755 (10th Cir. 1995), however, he has waived such an objection.  See United States v. Deninno, 29 F.3d 572, 580 (10th Cir. 1994).

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge