**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 13 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KENNETH RAY ARMSTRONG,

Defendant - Appellant.

No. 02-5126
D.C. No. 02-CR-50-P
(N.D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.


After examining the briefs and appellate record, this court has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

In a three-count indictment filed on March 7, 2002, appellant Kenneth Ray Armstrong was charged with possession of an unregistered firearm in violation of 26 U.S.C. §§ 5861(d) and 5871; possession of a firearm while being an unlawful user of a controlled substance in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(6); and possession of stolen explosive material in violation of 18 U.S.C. §§ 842(h) and 844(a). Armstrong pleaded guilty to all three counts and a presentence investigation report ("PSR") was prepared prior to sentencing. Armstrong raised no objections to the PSR and the district court sentenced him to a fifty-seven month term of incarceration. In addition, the district court imposed a $5500 fine pursuant to § 5E1.2(c)(3) of the Sentencing Guidelines and a $300 special assessment pursuant to 18 U.S.C. § 3013. Armstrong then filed a timely notice of appeal.

The only issue Armstrong raises on appeal is a challenge to the imposition of the $5500 fine. Because Armstrong failed to object to the imposition of the fine at sentencing, this court reviews the district court's determination only for plain error. *See United States v. Ballard*, 16 F.3d 1110, 1114 (10th Cir. 1994). "Under the plain error standard, we will not review the district court's factual findings relating to sentencing, but will review for particularly egregious or obvious and substantial legal error, which our failure to consider would result in a miscarriage of justice." *Id*. (quotations omitted).

Section 5E1.2(a) of the Sentencing Guidelines requires the district court to impose a fine on an individual defendant "except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." U.S.S.G. § 5E1.2(a). Accordingly, it was Armstrong's burden at sentencing to establish both a present and future inability to pay. *See id.* Armstrong argues that the district court committed plain error because the facts before the court at sentencing demonstrated that he has no assets or income and, thus, he has no present ability to pay the fine. He further argues that the facts indicated that he has no future ability to pay because he is facing lengthy federal and state prison sentences.

When calculating the amount of a fine, the district court must consider the factors set forth in § 5E1.2(d) of the Sentencing Guidelines. *See* U.S.S.G. § 5E1.2(d). The district court, however, is not required to make specific findings on the record. *See United States v. Nez,* 945 F.2d 341, 343 (10th Cir. 1991). Rather, the record must simply reflect that the court considered the factors before imposing the fine. *See id.*

Here, the record clearly demonstrates that the district court considered the relevant factors, including Armstrong's ability to pay. Before imposing the fine, the court specifically stated that it accepted the facts set forth in the PSR for sentencing purposes. The PSR contained information indicating that Armstrong

is thirty-six years old and in good health with no history of mental or emotional problems. He attended vocational school and was trained to use machine tools. His employment history included various blue-collar jobs. The PSR further indicated that Armstrong may be able to pay a reduced fine during his term of incarceration if he is employed through the Bureau of Prisons' Inmate Financial Responsibility Program. The court then stated, "The Court finds that the defendant does have the ability to pay a reduced fine, one below the low end of the applicable fine range." *See* U.S.S.G. § 5E1.2, cmt. n.3 (permitting the sentencing court to impose a fine below the applicable fine guideline range).

Armstrong argues that the district court committed plain error because the record also demonstrated that, at the time of sentencing, he had no assets, had not been employed in more than one year, and faced the possibility of a lengthy state term of incarceration after his release from federal prison. A defendant's indigence at the time of sentencing, however, does not preclude a court from imposing a fine. *See United States v. Klein*, 93 F.3d 698, 706 (10th Cir. 1996). Further, even if this court assumes that Armstrong adequately established a present inability to pay a fine, nothing in the record indicates that he established a future inability to pay. The only evidence before the district court supporting Armstrong's argument, is counsel's statement to the court at the sentencing hearing that state charges were pending against Armstrong and that he faced the

possibility of additional state incarceration. It was not plain error for the district court to reject Armstrong's speculative assertion that he will likely be convicted and incarcerated on the pending state charges, thereby rendering him incapable of seeking employment after his release.

The district court did not commit plain error when it imposed the $5500 fine. Accordingly, Armstrong's sentence is **affirmed** .

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge